JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
TAMARAH P. PREVOST (SBN 313422)
tprevost@cpmlegal.com
KAIYI A. XIE (SBN 311182)
kxie@cpmlegal.com
MELISSA MONTENEGRO (SBN 329099)
mmontenegro@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.**, a non-profit corporation, and **MARK SIKES**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE**, a public entity, **JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL**,<br><br>Defendants. | Case No. 5:22-cv-00501-BLF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:            June 2, 2022<br>Time:           9:00 A.M.<br>Courtroom:  3 – 5th Floor<br>Judge:          Hon. Beth Labson Freeman<br><br>Complaint Filed: January 25, 2022 |

**REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 5:22-CV-00501-BLF**

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

# REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Pursuant to Fed. R. Evid. 201 and 801(d)(2) and supporting case law, Defendants City of San Jose, Jennifer Maguire, and the City of San Jose Council (collectively, "Defendants"), request that this Court take judicial notice of the following documents in connection with Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1):

1. **Statement by Dudley W. Brown** ("Statement"). Brown is the President of entity Plaintiff National Association for Gun Rights ("NAGR"). Declaration of Tamarah P. Prevost in Support of the Request for Judicial Notice ("Prevost Decl.") ¶ 4. The Statement concerns the filing of Plaintiffs' Complaint. The statement was made by Brown in a January 30, 2022, video that was produced by NAGR and posted to NAGR's YouTube account in which Brown is clearly identified. *Id.* ¶ 5. The video is available online at https://youtu.be/YZJlctURfeg. *Id.* Brown's Statement spans 1:30 – 2:02 of the video. *Id.* ¶ 6 A true and correct transcript of Brown's Statement during that time span appears in Prevost Declaration. *Id.* ¶ 6.

2. **Docket Activity Report** ("DAR"), generated on February 4, 2022, at 12:02 p.m., of all documents in the instant lawsuit filed to date on the case docket on CM/ECF. Prevost Decl. ¶ 7. A true and correct copy of the DAR is attached as **Exhibit 7**.

## II. ARGUMENT

"Proper subjects of judicial notice when ruling on a motion to dismiss include[s] . . . publicly accessible websites." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (Koh, J.). The *Perkins* Court took judicial notice of "two interviews" with the co-founder and chairman of the defendant. *Id.* at 1201, 1205. Similarly, another Court in this District took judicial notice of statements that the defendant made to a reporter because "these were his words," so "these quotes from the newspaper article are admissible under FRE 801(d)(2) as an admission of a party opponent." *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1050 (N.D. Cal. 2006); *see also, e.g.*,

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 5:22-CV-00501-BLF                         1

*Hernandez v. Wells Fargo & Co.*, 2019 WL 3017657, at *5 ("[P]arty admissions may be judicially noticed for the truth of the matter if requested by the opposing party. FRE 801(d)(2).")

Brown's Statement constitutes an admission of a party opponent because he is the president of Plaintiff NAGR. The Statement was made by Brown himself in a video freely available on a publicly accessible website—YouTube—and posted from an account that is owned by NAGR. Indeed, the U.S. Supreme Court has even incorporated into an opinion a link to a video to allow it to "speak for itself." *Scott v. Harris*, 550 U.S. 372, 378 n.5 (2007).

Further, the DAR is judicially noticeable as a public record and as a record of this Court. *See, e.g.*, *No Cost Conference, Inc. v. Windstream Comm'cns, Inc.*, 940 F. Supp. 2d 1285, 1295 (citing *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004)).

### III.  CONCLUSION

Pursuant to Fed. R. Evid. 201 and 801(d)(2), and for the reasons set forth above, the Court should take judicial notice of Brown's Statement and the DAR.

Dated: February 7, 2022                    **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Tamarah P. Prevost*
    JOSEPH W. COTCHETT
    TAMARAH P. PREVOST
    KAIYI A. XIE
    MELISSA MONTENEGRO

*Attorneys for Defendants*

LAW OFFICES COTCHETT, PITRE & McCARTHY, LLP

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 5:22-CV-00501-BLF

2