JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
TAMARAH P. PREVOST (SBN 313422)
tprevost@cpmlegal.com
KAIYI A. XIE (SBN 311182)
kxie@cpmlegal.com
MELISSA MONTENEGRO (SBN 329099)
mmontenegro@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.**, a non-profit corporation, and **MARK SIKES**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE**, a public entity, **JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL**,<br><br>Defendants. | Case No. 5:22-cv-00501-BLF<br><br>**NOTICE OF MOTION AND MOTION TO SHORTEN TIME UNDER CIVIL L.R. 6-3; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Courtroom:   3 – 5th Floor<br>Judge:          Hon. Beth Labson Freeman<br><br>Complaint Filed: January 25, 2022<br>MTD Filed: February 7, 2022 |

**DEFENDANTS' MOTION TO SHORTEN TIME UNDER CIVIL L.R. 6-3 AND MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 5:22-cv-00501-BLF**

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants City of San Jose, Jennifer Maguire, in her official capacity as City Manager of the City of San Jose, and the City of San Jose City Council (collectively, "Defendants") hereby move the Court pursuant to N.D. Cal. Civil L.R. 6-1(b) and 6-3 for: (1) an order to shorten the time for the briefing schedule on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") (ECF No. 17); and (2) to advance the hearing date on Defendants' Motion to Dismiss—currently set for June 2, 2022, at 9:00 A.M—to the Court's earliest convenience.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Tamarah P. Prevost in Support of Motion to Shorten Time under Civil L.R. 6-3, any papers filed in reply, such oral and documentary evidence as may be presented at a hearing, if any, and all papers and records on file in this action.

Therefore, pursuant to Civil L.R. 6-3, Defendants move for an order shortening the time for the parties to complete briefing on the Motion to Dismiss such that Plaintiffs Opposition thereto is due on February 17, 2022, and Defendants' Reply in support thereof is due on February 24, 2022. Defendants also respectfully request that hearing date on the Motion to Dismiss be advanced to the earliest date on which the Court is available.

Dated: February 11, 2022                    **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Tamarah P. Prevost*
      JOSEPH W. COTCHETT
      TAMARAH P. PREVOST
      KAIYI A. XIE
      MELISSA MONTENEGRO

*Attorneys for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. INTRODUCTION

On February 7, 2022, San Jose filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. *See* ECF No. 17 ("MTD"). Therein, San Jose moved to, *inter alia*, dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1) without leave to amend, and asked the Court to order Plaintiffs' Counsel to show cause as to why their Complaint satisfied the requirements of Fed. R. Civ. P. 11(b).

If briefing on the MTD is not completed forthwith and the Court does not hear the MTD on an expedited basis, Defendants will be substantially harmed and prejudiced. Principally, because the continued threat of judicial intervention through Plaintiffs' maintenance of this lawsuit, over which the Court lacks subject matter jurisdiction, is an unprecedented and constitutionally repugnant intrusion into the workings of democratically elected officials of San Jose in violation of Article III, the Tenth Amendment, and constitutional guarantees of federalism and local sovereignty. Moreover, to permit lawsuits over *draft* legislation so that a plaintiff can disturb legislative deliberations or grab headlines, only to amend if the law is enacted or to strategically dismiss and refile, would invite gamesmanship that strikes at the heart of a functional democracy and cannot be countenanced. Indeed, the Ninth Circuit has held that even in a constitutional litigation concerning a city ordinance *actually in existence*, "by being forced the defend the [] laws in a vacuum and in the absence of any particular victims of discrimination, the State and the City **would suffer hardship** were we to adjudicate this case now." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1142 (9th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1143 (2001).

On January 25, 2022, the San Jose City Council introduced a draft firearm ordinance for a first reading and voted to publish the draft ordinance in anticipation of a final vote on its

---

[1] Herein, *unless otherwise specified*: Defendants are alternatively referred to as "San Jose," "Council," or "City Council"; "Constitution" means the U.S. Constitution; pincites do not rely on ECF-generated pagination; internal citations, alterations, quotations, and footnotes are omitted; and emphasis is added.

1  promulgation into law to be held on a later date. *See* attached Declaration of Tamarah P. Prevost in
2  Support of Motion to Shorten Time ¶ 4 ("Prevost Decl."). Minutes thereafter, Plaintiffs filed their
3  Complaint despite the City Council not actually having voted to enact the draft ordinance into law.
4  *Id.* ¶ 5. On February 8, 2022, San Jose *did* enact a *version* of the gun ordinance into law (the
5  "Ordinance")—but it is *not the same* draft text of the bill over which Plaintiffs have prematurely
6  brought suit. *Id.* ¶ 6. In essence, Plaintiffs' suit seeks to have this Court deem a *draft* legislative
7  proposal unconstitutional. Because allowing Plaintiffs' Complaint to linger is highly prejudicial to
8  San Jose, Defendants request that the briefing deadlines be shortened as specified *infra* § III, and
9  that the Court hear the MTD at its earliest possible convenience.

## II.   ARGUMENT

The draft ordinance at issue in this suit is not the law. Accordingly, the Court lacks subject matter jurisdiction, contrary to the misleading suggestion in Plaintiffs' Complaint. "Article III of the U.S. Constitution empowers [courts] to adjudicate only live cases or controversies, not to issue advisory opinions [or] declare rights in hypothetical cases." *Safer Chemicals, Healthy Families v. EPA*, 943 F.3d 397, 410 (9th Cir. 2019). Article III jurisdiction must exist throughout the entire pendency of the suit, including at filing; Courts lacking subject matter jurisdiction from the lawsuit's outset cannot later come into jurisdiction. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988), *cert. denied*, 488 U.S. 1006 (1989). Article III standing must be adequately pleaded at the time an action is filed and must be satisfied throughout all stages of litigation. *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013); Fed. R. Civ. P. 8(a)(1); Civil L.R. 3-5(a).

*First*, allowing Plaintiffs' Complaint to linger would be highly prejudicial to the continuing deliberations of San Jose lawmakers. San Jose's interest in seeing the MTD expeditiously resolved is *distinct* from and *greater* than the common desire of all litigants to have matters resolved. Though San Jose's firearm Ordinance has passed—and to be clear, it is *not* the same as the draft bill over which Plaintiffs have sued—City officials' deliberations and legislative acts are ongoing, and final decisions on issues critical to meaningfully litigate the constitutional issues at issue have yet to be made. For instance, the City Council has yet to consider and adopt a schedule of "Gun Harm

Reduction" fees and charges assessed on San Jose gun owners to whom the Ordinance applies. Prevost Decl. ¶ 7. Also, the City Council has yet to explicate the penalties, such as fines, imposed on Ordinance violators. *Id.* ¶ 8. Further, the City Manager—a Defendant in this suit—has yet to promulgate the regulations essential to effectuating various provisions of the Ordinance. *Id.* ¶ 9.

Therefore, quick resolution of the MTD is essential to ameliorating the prejudice from continuing federal judicial oversight over the ongoing, lawful, legislative activities of local officials, which could be chilled by the pendency of Plaintiffs' illegitimate and prematurely filed litigation. Controlling precedents condemn such abuse of the federal courts by Plaintiffs. *See, e.g.*, *Wilson v. State*, 169 U.S. 586, 596 (1898) ("We should be very reluctant to decide that we had jurisdiction … to supervise and review the political administration of a state government by its own officials…. The jurisdiction of this court would only exist in case there had been … such a plain and substantial departure from the fundamental principles upon which our government is based that it could with truth and propriety be said that, if the judgment were suffered to remain, the party aggrieved would be deprived of his life, liberty, or property in violation of the provisions of the federal constitution."); *Thomas*, 220 F.3d at 1142 ("[B]y being forced the defend the [] laws in a vacuum and in the absence of any particular victims of discrimination, the State and the City **would suffer hardship** were we to adjudicate this case now."); *United States v. Butler*, 297 U.S. 1, 62 (1936) ("It is sometimes said that the court assumes a power to overrule or control the action of the people's representatives. This is a misconception…. This court neither approves nor condemns any legislative policy.").

**Second**, prolonged litigation over a baseless, frivolous Complaint filed by an adequately represented party is inherently prejudicial. *See, e.g.*, *O'Brien v. Sinatra*, 315 F.2d 637, 642 (9th Cir. 1963) (holding that the "rights of the defendants … have been prejudiced" by the plaintiffs who acted with "conscious and deliberate decision" to lodge "confused and confounding complaints"). Here, Plaintiffs' Counsel all but admit that they were *aware* their Complaint was filed over a piece of draft firearm legislation under active consideration by the City Council. Indeed, on February 4, 2022, Defendants' Counsel emailed Plaintiffs' Counsel to ask to meet and confer over a shortened briefing schedule for the MTD. Prevost Decl. ¶ 10. Tellingly, that day, Plaintiffs' Counsel responded: "[W]e can disclose that *the complaint will be amended soon*, which could *moot some*

1  *of the concerns* underlying your motion." *Id.* Notably, the MTD also asks this Court to order
2  Plaintiffs' Counsel to show cause as to why their Complaint satisfies Fed. R. Civ. P. 11(b).

3  **Third**, Defendants' MTD asks that Plaintiffs' Complaint be dismissed *without leave to
4  amend* for lack of subject matter jurisdiction. Therefore, whether Plaintiffs are even permitted to
5  amend or supplement their Complaint is a critical threshold question that shapes the entire trajectory
6  of this lawsuit. Controlling Ninth Circuit law demands that if the Court is in want of subject matter
7  jurisdiction from suit's inception, the Court must dismiss the entire case regardless of whether
8  jurisdiction could later arise and be pleaded. *Morongo*, 858 F.2d at 1380. Thus, expeditious
9  resolution of the MTD—especially before this Court's Case Management Conference on April 21,
10 2022—would serve judicial economy and clarify issues critical to all Parties. Indeed, the MTD may
11 dispose of this entire litigation. *See, e.g.*, *Faerfers v. Caviar Creator, Inc.*, 2006 WL 768713, at *1
12 (E.D. Cal. Mar. 27, 2006) (shortening time to brief and hear a motion to dismiss under an analogous
13 provision in E.D. Cal. local rules because shortening time "will serve judicial economy" and promote
14 possible final resolution of the case through settlement).

15 **III.   REQUESTED TIME MODIFICATIONS**

16  Currently, Plaintiffs' Opposition to the MTD is due on February 22, 2022, and Defendants'
17 Reply is due on March 1, 2022. The hearing on the MTD is scheduled for June 2, 2022, at 9:00 A.M.
18 San Jose requests that the schedule relating to the MTD be shortened as follows:

19   **Plaintiffs' Opposition brief due**:        February 17, 2022.
20   **San Jose's Reply brief due**:              February 24, 2022.
21   **Hearing Date for Motion to Dismiss**:      The Court's earliest convenience.

22  In compliance with Civil L.R. 6-1(b), the instant Motion to Shorten Time has been made
23 *more* than 14 days before the currently scheduled hearing date on the MTD.

24 **IV.   EFFORTS TO OBTAIN CONSENT OF PLAINTIFFS' COUNSEL**

25  Counsel for San Jose has telephonically met and conferred with Plaintiffs' counsel to request
26 a stipulation for the time changes requested herein, pursuant to Civil L.R. 6-3(a)(2); in an email sent
27 at 9:49 P.M. PT on February 10, 2022, Plaintiffs' Counsel declined to so stipulate in any manner,
28 using any later briefing dates. Prevost Decl. ¶¶ 10-11. Plaintiffs' Counsel were asked to stipulate to

a briefing deadline with due dates that were one day *ahead* of the dates Defendants are proposing herein. *Id.*

## V. PREVIOUS TIME MODIFICATIONS IN THE CASE

There have been no previous time modifications in the case, whether by stipulation or Court order. Civil L.R. 6-3(a)(5); Prevost Decl. ¶ 12.

## VI. CONCLUSION

For these reasons, Defendants respectfully move the Court for an order shortening the time to brief the Motion to Dismiss and to advance the hearing date on the Motion to Dismiss.

Dated: February 11, 2022         **COTCHETT, PITRE & McCARTHY, LLP**

                                 By:   */s/ Tamarah P. Prevost*
                                    JOSEPH W. COTCHETT
                                    TAMARAH P. PREVOST
                                    KAIYI A. XIE
                                    MELISSA MONTENEGRO

                                    *Attorneys for Defendants*