1  JOSEPH W. COTCHETT (SBN 36324)
   jcotchett@cpmlegal.com
2  TAMARAH P. PREVOST (SBN 313422)
   tprevost@cpmlegal.com
3  KAIYI A. XIE (SBN 311182)
   kxie@cpmlegal.com
4  MELISSA MONTENEGRO (SBN 329099)
   mmontenegro@cpmlegal.com
5  **COTCHETT, PITRE & McCARTHY, LLP**
6  San Francisco Airport Office Center
7  840 Malcolm Road, Suite 200
   Burlingame, CA  94010
8  Telephone:  (650) 697-6000
   Facsimile:   (650) 697-0577
9
10 *Attorneys for Defendants*

11

12                    **UNITED STATES DISTRICT COURT**

13              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14                              **SAN JOSE DIVISION**

15

| | |
|---|---|
| 16  **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.**, a non-profit corporation, and **MARK SIKES**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE**, a public entity, **JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL**,<br><br>Defendants. | Case No. 5:22-cv-00501-BLF<br><br>**DECLARATION OF TAMARAH P. PREVOST IN SUPPORT OF DEFENDANTS' MOTION TO SHORTEN TIME UNDER CIVIL L.R. 6-3**<br><br>Courtroom:  3 – 5th Floor<br>Judge:         Hon. Beth Labson Freeman<br><br>Complaint Filed: January 25, 2022<br>MTD Filed: February 7, 2022 |

I, Tamarah P. Prevost, hereby declare as follows:

1. I am an attorney duly admitted to practice before all courts of the State of California and before the U.S. District Court for the Northern District of California. I am a partner with the law firm of Cotchett, Pitre & McCarthy, LLP, counsel for Defendants City of San Jose, Jennifer Maguire, and City of San Jose City Council (collectively, "Defendants") in this matter.

2. I make this Declaration pursuant to Civil L.R. 6-3 in support of Defendants' Motion to Shorten Time Under Civil L.R. 6-3 and 6-1(b) for a shortened briefing schedule and hearing date on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 17 ("MTD").

3. I have personal knowledge of each of the facts stated herein, and if called as a witness, I could and would testify competently to all facts herein.

4. On January 25, 2022, the San Jose City Council introduced a draft firearm ordinance for a first reading and voted to publish the draft ordinance, which was still subject to change, in anticipation of a vote on its promulgation into law to be held on a later date.

5. On January 25, 2022, Plaintiffs filed their Complaint, ECF No. 1, despite the San Jose City Council not having enacted the draft firearm ordinance into law.

6. On February 8, 2022, San Jose did enact a version of the gun ordinance into law (the "Ordinance")—but it is not the same draft text of the bill from which Plaintiffs liberally quote in their Complaint.

7. The City Council must still consider and adopt a schedule of fees and charges assessed on gun owners to whom the Ordinance applies for the reduction of gun harm.

8. The City Council has yet to adopt a schedule of fines imposed for violation of the Ordinance.

9. The City Manager—a Defendant in this suit—has yet to promulgate the regulations necessary to carry out various provisions of the Ordinance, at the direction of elected San Jose lawmakers.

10. On Friday, February 4, 2022, Defendants' Counsel emailed Plaintiffs' Counsel, asking to telephonically meet and confer on Monday, February 7, 2022, over a shortened briefing schedule for the MTD. That same day, Plaintiffs' Counsel responded, writing, *inter alia*: "[W]e can

disclose that the complaint will be amended soon, which could moot some of the concerns underlying your motion." Plaintiffs' Counsel declined to meet and confer on February 7, 2022, as proposed, and instead asked to speak on Thursday, February 10, 2022.

11. On February 10, 2022, the Parties met and conferred telephonically. Defendants' Counsel asked for a stipulation for a shortened briefing schedule to the MTD. Specifically, that Plaintiffs' Opposition be due on February 16, 2022, and Defendants' Reply be due on February 23, 2022. Defendants' Counsel also attempted to obtain a stipulated agreement asking the Court to advance the hearing date on the MTD. Plaintiffs' Counsel asked for time to confer with their clients about the proposed stipulations. In an email at 9:49 P.M. PT on February 10, 2022, Plaintiffs' Counsel rejected Defendants' Counsel's proposals in their entirety.

12. There have been no previous time modifications in the case, whether by stipulation or Court order.

13. The earliest date that the Court could hear Defendants' Motion to Dismiss is not until June 2, 2022, which was promptly reserved. The resolution of the Motion to Dismiss is a threshold issue that will shape this litigation, one way or another. Because Defendants will be substantially harmed and prejudiced if this issue were not quickly resolved, and in the interest of judicial economy and efficiency, the Court should determine and resolve the Motion to Dismiss on an expedited basis.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of February, 2022, at Burlingame, California.

        */s/ Tamarah P. Prevost*
        TAMARAH P. PREVOST