1  HARMEET K. DHILLON (SBN: 207873)
2  harmeet@dhillonlaw.com
   MICHAEL A. COLUMBO (SBN: 271283)
3  mcolumbo@dhillonlaw.com
4  MARK P. MEUSER (SBN: 231335)
   mmeuser@dhillonlaw.com
5  DHILLON LAW GROUP INC.
   177 Post Street, Suite 700
6  San Francisco, California 94108
7  Telephone: (415) 433-1700

8  DAVID A. WARRINGTON*
   dwarrington@dhillonlaw.com
9  CURTIS M. SCHUBE*
10 cschube@dhillonlaw.com
   DHILLON LAW GROUP INC.
11 2121 Eisenhower Avenue, Suite 402
   Alexandria, VA 22314
12 Telephone: (571) 400-2121

13
   *Admission *Pro Hac Vice* forthcoming
14

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,** a nonprofit corporation, and **MARK SIKES,** an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE, a public entity, JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL,**<br><br>Defendants. | Case Number: 5:22-cv-00501-BLF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SHORTEN TIME UNDER CIVIL LOCAL RULE 6-3**<br><br>Courtroom: 3-5th Floor<br>Judge: Honorable Beth Labson Freeman<br><br>Complaint Filed: January 25, 2022<br>MTD Filed: February 7, 2022 |



Plaintiffs National Association for Gun Rights ("NAGR") and Mark Sikes submit this Opposition to Defendants' Motion to Shorten Time Under Civil Local Rule 6-3. Defendants request an order under N.D. Cal. Civil L.R. 6-1(b) and 6-3: (1) to shorten the time for Plaintiffs to file their Opposition to Defendants' Motion to Dismiss (ECF No. 17) and for Defendant's Reply; and (2) to advance the Court's hearing date on Defendants' Motion to Dismiss. Def. MPOA 4. The sole issue before the Court as to this Motion is whether Defendants have made the requisite factual showing under Rule 6-3 to shorten the time for briefing and a hearing on their Motion to Dismiss.

Rule 6-3 requires Defendants to show, *with particularity*, why the normal rules that apply to every other litigant should not apply here. Defendants must show they will suffer *substantial* harm and prejudice if the schedule is not altered. But Defendants have proffered no justification for their Motion other than impatience with having to wait for their matter to be decided in the normal course. Because the Defendants have not proven substantial harm or prejudice, the Court should deny Defendant's Motion to Shorten Time.

## ARGUMENT

*Defendants Have Not Pleaded a Valid Basis to Alter the Briefing Schedule or Hearing Date*

The Local Rules are mindful that sometimes exigencies warrant a court granting an extraordinary request for an expedited briefing and hearing schedule. Under Rule 6-3, a Motion to Change Time must contain a declaration that:

> (1) Sets forth with particularity the reasons for the requested enlargement or shortening of time; (2) Describes the efforts the party has made to obtain a stipulation to the time change; (3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and (4) If the motion is to shorten time for the Court to hear a motion: (i) Describes the moving party's compliance with Civil L.R. 37-1(a), where applicable, and
> (ii) Describes the nature of the underlying dispute that would be addressed in the motion and briefly summarizes the position each party had taken.

Defendants have not pleaded, with particularity or otherwise, how they will suffer 'substantial prejudice or harm' if this Court does not shorten the briefing schedule by one week and the hearing schedule by an unspecified period of time.

//

*Briefing Schedule*

Defendants filed a Motion to Dismiss on February 8, 2022. Under Rule Fed. R. Civ. P. 6(a) and (d) and Local Rule 7-3(a) and (c), Plaintiffs' Opposition to the Motion to Dismiss is currently due on February 22, 2022, and Defendants' Reply is currently due on March 1, 2022. Defendants' instant Motion to Shorten Time asks the Court to advance the due date for Plaintiffs' Opposition to February 17, 2022 (*i.e.*, by 5 days, to this Thursday) and the due date for their Reply brief to February 24, 2022. Def. MPA 4. This would shave a grand total of just *one week* off the briefing schedule. If anything, Plaintiffs are now prejudiced by the threat of a dramatically shortened time to complete their Opposition to the Motion to Dismiss.

*Hearing Date*

The Court's hearing on the Defendants' Motion to Dismiss is scheduled for June 2, 2022. Defendants' motion asks the Court to advance the date of the hearing to "the Court's earliest convenience." Def. Mot. Short. Time 1. Considering the pandemic's effects on Court operations, the earliest "convenient" date for the Court, of course, was the date the Court originally set the hearing. Defendants are effectively asking the Court to allow it to jump the line and hurry the Court's decision without providing sufficient justification for such a request.

***Defendants' Reasons for Their Motion Fall Far Short of Substantial Harm and Prejudice***

One justification Defendants assert is "ameliorating the prejudice from continuing federal judicial oversight over the ongoing, lawful, legislative activities of local officials, which could be chilled by the pendency of Plaintiffs' illegitimate and prematurely filed litigation." Def. MPOA 3. This justification is nonsensical for three reasons.

First, a complaint which Defendants characterize as frivolous and unripe is not "continuing judicial oversight over the ongoing, lawful legislative activities of local officials." If every Motion to Dismiss presented a case of substantial harm or prejudice warranting a shorter briefing schedule, then the Court's rules would already provide less time to respond. This would be bad policy for both the Courts and litigants, especially for litigants like Plaintiffs appealing to the federal courts for protection from the violation of their civil rights.

//



1  Second, a conclusory statement that their "ongoing…legislative activities…could be chilled" is not specific, not substantial, and is speculative or conditional. It also makes no sense considering the Motion's concession that the challenged ordinance was already enacted ("San Jose's firearm Ordinance has passed", MPA 2). Defendants' past legislative activities are challenged here, not their current actions. Any "continuing judicial oversight" they claim is stifling their legislative activities would be the same judicial oversight to which their actions are always subject. Federal courts are the refuge of those seeking protection of their civil rights. Federal courts acting to protect constitutional rights only "chills" ongoing legislative work if that work violates the Constitution.

Finally, Defendants request expedited review based on their confidence this Court will grant their Motion to Dismiss. This argument also does not supply evidence of substantial harm or prejudice if Plaintiffs were to have the full 14 days the rules allow them to respond to the Motion to Dismiss rather than the 9 days Defendants propose. The cases Defendants cite are irrelevant to the issue of harm or prejudice arising from a normal briefing and hearing schedule, and Defendants' characterizations of the case's holdings are, to be charitable, incomplete. *Morongo Band of Mission Indians v. California St. Bd. of Equalization,* 858 F.2d 1376 (9th Cir. 1988), is about a party who failed to allege either a federal cause of action or one based on diversity of citizenship and thus the federal court had no subject matter jurisdiction. It has nothing to do with Motions to Change Time.

*Faerfers v. Caviar Creator, Inc.*, 2006 WL 768713 (E.D. Cal. 2006) is a short, irrelevant, and unreported decision. It involved three parties who filed claims against each other. One party, Sinclair, moved to *voluntarily dismiss* its own cross-claim against another party, Faerfers, and then sought to shorten briefing time so its motion would be resolved before an upcoming settlement conference. The court granted the request because "shortening time on its Motion to Dismiss will serve judicial economy and promote settlement." *Id.* at *1. Those circumstances are not remotely analogous to this matter.

//
//
//
//

4



Plaintiffs' Opposition to Defendants' Motion to
Shorten Time Under Civil L.R. 6-3                                        Case No. 5:22-cv-00501-BLF

# CONCLUSION

Defendants have not pleaded with particularity how allowing Plaintiffs the normal time to respond to the Motion to Dismiss instead of the 9 that Defendants request, and not shortening the briefing schedule by any particular requested period of time, will cause *substantial* harm and prejudice. Defendant's Motion seems to be a transparent effort to harass Plaintiffs, distracting and burdening them while they are in the process of responding to the Motion to Dismiss under the already brisk 14-day deadline in the Court's rules. This case involves credible allegations of federal civil rights violations committed by a local government boasting of enacting an "unprecedented" (their word) law to regulate a federal constitutional right. Given that Defendants did not establish substantial harm or prejudice, the Court should deny Defendants' motion.

Date: February 15, 2022

Respectfully submitted,

DHILLON LAW GROUP INC.

By:    /s/ Harmeet K. Dhillon
      Harmeet K. Dhillon
      Michael A. Columbo
      Mark P. Meuser
      DHILLON LAW GROUP INC.
      177 Post Street, Suite 700
      San Francisco, California 94108
      (415) 433-1700

      David A. Warrington*
      Curtis M. Schube*
      DHILLON LAW GROUP INC.
      2121 Eisenhower Avenue, Suite 402
      Alexandria, VA 22314
      (571) 400-2121

      *Admission *pro hac vice* forthcoming

      *Attorneys for Plaintiffs*

HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
MICHAEL A. COLUMBO (SBN: 271283)
mcolumbo@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700

DAVID A. WARRINGTON*
dwarrington@dhillonlaw.com
CURTIS M. SCHUBE*
cschube@dhillonlaw.com
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
Telephone: (571) 400-2121

*Admission *Pro Hac Vice* forthcoming

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,** a nonprofit corporation, and **MARK SIKES,** an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE, a public entity, JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL,**<br><br>Defendants. | Case Number: 5:22-cv-00501-BLF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SHORTEN TIME UNDER CIVIL LOCAL RULE 6-3**<br><br>Courtroom: 3-5th Floor<br>Judge: Honorable Beth Labson Freeman<br><br>Complaint Filed: January 25, 2022<br>MTD Filed: February 7, 2022 |



Declaration in Support of Plaintiffs' Opposition to Defendants' Motion to
Shorten Time Under Civil L.R. 6-3                                    No: 5:22-cv-00501-BLF

I, Michael Columbo, declare and state as follows:

1. I am an attorney duly admitted to practice in the state of California and before the U.S. District Court for the Northern District of California. I am an attorney with Dhillon Law Group Inc., counsel for Plaintiffs National Association for Gun rights, Inc. and Mark Sikes.

2. I make this Declaration consistent with L.R. 6-3(b) and in support of Plaintiffs' Opposition to Defendants' Motion to Shorten Time Under Civil Local Rule 6-3.

3. I have personal knowledge to each of the facts stated herein and if called as a witness, I could and would testify competently to such facts herein.

4. Plaintiffs' Complaint in the pending litigation was filed on January 25, 2022.

5. On February 4, 2022, before the Complaint had been served on Defendants and before Defendants filed their Motion to Dismiss the Complaint, I informed counsel for Defendants that Plaintiffs would be filing an Amended Complaint.

6. Despite this knowledge, on February 7, 2022, Defendants filed a Motion to Dismiss the original Complaint. The sole basis for Defendants' Motion to Dismiss is that there was one more step the City Council had to take to enact the ordinance Plaintiffs are challenging, and, therefore, Plaintiffs' claims were not yet ripe.

7. Counsel for Plaintiffs and Defendants met and conferred on February 10, 2022, before Defendants' Motion to Shorten time was filed. Defendants did not articulate *any* harm or prejudice, much less substantial harm or prejudice, that they would suffer if Plaintiffs were to have the normal time to respond to the Motion to Dismiss. As to their request to shorten the time for the court to hold a hearing on the matter, my understanding was that they would simply prefer a quicker decision from this Court.

8. After reviewing Defendants' Motion to Shorten Time and counsel's supporting Declaration, I still do not comprehend *any* claimed substantial harm or prejudice Defendants would suffer if the Motion were not granted as to the briefing schedule. As to altering the Court's current hearing schedule, Defendants have now at least attempted to articulate reasons to do so, but they fall short of the requirements under the Local Rules of this Court, as addressed in the accompanying Plaintiffs' Opposition.

2

Declaration in Support of Plaintiffs' Opposition to Defendants' Motion to
Shorten Time Under Civil L.R. 6-3                                   Case No. 5:22-cv-00501-BLF

9. In any event, Defendants acknowledge in their Motion to Shorten Time and Counsel's accompanying Declaration that on February 8, 2022, the Defendants in fact passed the ordinance being challenged in this lawsuit.

10. Plaintiffs had waited to amend the Complaint until the San Jose City Clerk published a clean copy of the challenged ordinance, which occurred on Friday, February 11, 2022.

11. Accordingly, on Monday, February 14, 2022, Plaintiffs filed their First Amended Complaint [ECF no. 19.]

12. It is my and my clients' position that it is not an efficient or prudent use of the Court's and parties' time to be briefing over a requested abbreviated briefing and hearing schedule for a Motion to Dismiss that only challenges the ripeness of the original Complaint when that Complaint has been amended and the point of contention about ripeness has been resolved, thus mooting the claim in the Motion to Dismiss.

13. It is my and my clients' position that my clients would be significantly prejudiced to have a reduction in time to respond to the Motion to Dismiss, particularly on short notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at San Rafael, California, on this 15th day of February, 2022.

By: /s/Michael A. Columbo
Michael A. Columbo



3

Declaration in Support of Plaintiffs' Opposition to Defendants' Motion to Shorten Time Under Civil L.R. 6-3    Case No. 5:22-cv-00501-BLF