HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
MICHAEL A. COLUMBO (SBN: 271283)
mcolumbo@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700

DAVID A. WARRINGTON*
dwarrington@dhillonlaw.com
CURTIS M. SCHUBE
cschube@dhillonlaw.com
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
Telephone: (571) 400-2121

*Admission *Pro Hac Vice* forthcoming

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,** a non-profit corporation, and **MARK SIKES,** an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE, a public entity, JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL,**<br><br>Defendants. | Case No. 5:22-cv-00501-BLF<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION TO SHORTEN TIME UNDER CIVIL L.R. 6-3; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Courtroom: 3-5th Floor<br>Judge: Honorable Beth Labson Freeman<br><br>Complaint Filed: January 25, 2022 |



**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiffs National Association for Gun Rights, Inc. ("NAGR") and Mark Sikes (collectively, "Plaintiffs") hereby move the Court pursuant to N.D. Cal. Civil L.R. 6-1(b) and 6-3 to change the hearing date on Plaintiffs' Motion for Preliminary Injunction ("Motion") (ECF No. 25)—currently set for July 21, 2022, at 9:00 A.M—to the Court's earliest convenience.

This Unopposed Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Michael Columbo in Support of Motion to Shorten Time under Civil L.R. 6-3, any papers filed in reply, such oral and documentary evidence as may be presented at a hearing, if any, and all papers and records on file in this action.

Therefore, pursuant to Civil L.R. 6-3, Plaintiffs move for an order shortening the time so that the hearing date on the Motion is advanced to the earliest date on which the Court is available.

Under Civil L.R. 6-1(b), this motion is timely because it is "filed no later than 14 days before the scheduled event," that is, the July 21, 2022 hearing.

Dated: March 25, 2022

By: _/s/ Harmeet K. Dhillon_____
Harmeet K. Dhillon
Michael A. Columbo
Mark P. Meuser
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
(415) 433-1700

David A. Warrington (*pro hac vice* pending)
Curtis M. Schube (*pro hav vice*)
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
(571) 400-2121

*Admission pro hac vice* forthcoming

*Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**INTRODUCTION**

On March 8, 2022, Plaintiffs filed a Motion for Preliminary Injunction to bar the City of San Jose from enforcing Ordinance § 10.32.200 *et seq*., ("Ordinance") which was adopted on February 8, 2022 and will take effect on August 8, 2022. Responses are due on March 22, 2022, replies are due on March 29, 2022, and the hearing for the Motion is on July 21, 2022.

Plaintiffs' Motion is based on the position that the Ordinance is unconstitutional under federal, state, and local laws. Plaintiffs therefore request that the hearing for the Motion be set as soon as possible after the March 29, 2022 end date for briefing because the July 21, 2022 Motion hearing is only three weeks before the August 8, 2022 effective date of the Ordinance. Such a short time frame creates the risk that the Ordinance will come into effect before the court reaches a decision on the Motion, incurring substantial costs on plaintiff Mr. Mark Sikes and other gun-owning citizens of San Jose, including financial costs and potentially the loss of their ability to defend themselves, their families, and their homes while the Court considers whether the Ordinance is lawful. Specifically, the Ordinance mandates each San Jose gunowner to procure gun liability insurance and submit a fee to a private, third party for purposes of gun harm reduction. A quick resolution of this controversy would resolve such a concern.

Defendants, through counsel, stated that they have an interest in a prompt resolution of this matter and therefore do not oppose this motin.

**I.      The Nature of the Dispute.**

Pursuant to Local Rule 6-3(a)(4)(ii), Plaintiffs have submitted a declaration along with this Motion to Shorten Time "[d]escribe[ing] the nature of the underlying dispute that would be addressed in the motion and briefly summarize[ing] the position each party had taken."

Plaintiffs seek a preliminary injunction against San Jose's Ordinance § 10.32.200 *et seq*., which mandates that each San Jose gunowner purchase gun liability insurance and pay a fee to a designated nonprofit organization. Declaration of Michael Columbo in Support of Plaintiff's Motion to Shorten Time ("Columbo Decl."), ¶ 2. Plaintiffs' position, in brief, is that the Ordinance violates: (1) the Second Amendment to the U.S. Constitution by burdening ther right to own guns; (2) the First

Amendment to the U.S. Constitution by compelling speech and association through a mandatory donation to a nonprofit organization; (3) Article XXIII of the California Constitution because it imposes taxes that were not approved by voters; and (4) the San Jose City Charter's reservations of budget and appropriation powers and the requirement that City receipts be deposited into City accounts by forcing San Jose taxpayers to pay a City harm reduction fee to a private, third-party organization. *Id*. Defendants' position is that the Ordinance is constitutional and does not violate the U.S. Constitution, California Constitution, or the San Jose City Charter. *Id*.

**II.    Efforts Made to Obtain a Stipulation and Meet and Confer Pursuant to L.R. 37-1.**

Pursuant to Local Rule 6-3(a)(4)(i) and (a)(2), counsel for Plaintiffs reached out to counsel for Defendants on March 10, 2022 seeking a stipulation and to meet and confer. Columbo Decl., ¶ 3. On March 14, 2022, Counsel for Defendants disagreed there was a likelihood of imminent irreparable harm to Plaintiffs absent immediate injunctive relief, so Defendants would not stipulate to this Motion. However, counsel stated that the City has an interest in early resolution of this case and therefore would not oppose this Motion. *Id*.

**III.    Reasons for the Shortening of Time and Prejudice that Would Otherwise Occur.**

Pursuant to Local Rule 6-3(a)(1) and (a)(3), Plaintiffs have submitted a declaration that "[s]ets forth with particularity the reasons for the requested enlargement or shortening of time" and "[i]dentifies the substantial harm or prejudice that would occur if the Court did not change the time."

Plaintiffs request a shortening of the time for the hearing on their Motion because there is a considerable risk that the Ordinance will come into effect before the court reaches a ruling on the Motion. As mentioned above, there are less than three weeks between the July 21, 2022 Motion hearing and the August 8, 2022 effective date of the Ordinance. Accordingly, even if the court rules in Plaintiffs' favor, they will be prejudiced by the risk that the Ordinance will come into effect before the court's ruling. Columbo Decl., ¶ 4. Gun owners, including Plaintiff Mark Sikes and other members of Plaintiff National Association for Gun Rights, would then be forced to either expend funds to purchase gun liability insurance and pay fees that violate their rights pursuant to an unlawful ordinance, or break the law and risk confiscation of their guns. *Id*.

Plaintiff's Unopposed Motion to Shorten Time                                                      5:22-cv-00501-BLF

Furthermore, Defendants acknowledge they also stand to benefit from shortening the time for the Motion hearing. Columbo Decl., ¶ 4.

### IV.   Disclosure of All Previous Time Modificiations and Description of Effect Time Change Will Have on the Schedule of the case.

Pursuant to Local Rule 6-3(a)(5) and (a)(6), Plaintiffs have submitted a declaration "Disclos[ing] . . . all previous time modificiations" and "describ[ing] [what] effect time change will have on the schedule of the case."

First, there has been no previous time modifications—Defendants requested one for their Motion to Dismiss to the initial Complaint, but both the request to shorten time and the Motion to Dismiss was mooted by the amended Complaint. Columbo Decl., ¶ 5.

Second, the time change will have no effect on the briefing schedule. Columbo Decl., ¶ 5. It will only move up the hearing to avoid prejudice to plaintiff Mr. Mark Sikes and similarly situated San Jose gunowners. *Id*.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to shorten the time for the hearing on the Motion for Preliminary Injunction to a date at the Court's earliest convenience, as it will avoid prejudice to the Plaintiffs and citizens of San Jose while also benefiting the Defendants.

Dated: March 25, 2022                    DHILLON LAW GROUP INC.


By: _/s/ Harmeet K. Dhillon_____
Harmeet K. Dhillon
Michael A. Columbo
Mark P. Meuser
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
(415) 433-1700

David A. Warrington*
Curtis M. Schube
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402

Alexandria, VA 22314
(571) 400-2121

*Admission *pro hac vice* forthcoming
*Attorneys for Plaintiffs*

Plaintiff's Unopposed Motion to Shorten Time                    5:22-cv-00501-BLF