| | |
|---|---|
| 1 | HARMEET K. DHILLON (SBN: 207873) |
| 2 | harmeet@dhillonlaw.com |
|   | MICHAEL A. COLUMBO (SBN: 271283) |
| 3 | mcolumbo@dhillonlaw.com |
| 4 | MARK P. MEUSER (SBN: 231335) |
|   | mmeuser@dhillonlaw.com |
| 5 | DHILLON LAW GROUP INC. |
|   | 177 Post Street, Suite 700 |
| 6 | San Francisco, California 94108 |
| 7 | Telephone: (415) 433-1700 |
| 8 | DAVID A. WARRINGTON (admitted *pro hac vice*) |
|   | dwarrington@dhillonlaw.com |
| 9 | CURTIS M. SCHUBE (admitted *pro hac vice*) |
|   | cschube@dhillonlaw.com |
| 10 | DHILLON LAW GROUP INC. |
| 11 | 2121 Eisenhower Avenue, Suite 402 |
|    | Alexandria, VA 22314 |
| 12 | Telephone: (571) 400-2121 |
| 13 | *Attorneys for Plaintiffs* |
| 14 | JOSEPH W. COTCHETT (SBN 36324) |
|    | jcotchett@cpmlegal.com |
| 15 | TAMARAH P. PREVOST (SBN 313422) |
| 16 | tprevost@cpmlegal.com |
|    | ANDREW F. KIRTLEY (SBN 328023) |
| 17 | akirtley@cpmlegal.com |
| 18 | MELISSA MONTENEGRO (SBN 329099) |
|    | mmontenegro@cpmlegal.com |
| 19 | **COTCHETT, PITRE & McCARTHY, LLP** |
|    | San Francisco Airport Office Center |
| 20 | 840 Malcolm Road, Suite 200 |
| 21 | Burlingame, CA 94010 |
|    | Telephone: (650) 697-6000 |
| 22 | *Attorneys for Defendants* |
| 23 | |
| 24 | [Case caption follows on next page] |

Page **1**

*Joint Case Management Statement*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,** a nonprofit corporation, and **MARK SIKES,** an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE, a public entity, JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL,**<br><br>Defendants. | Case Number: 5:22-cv-00501-BLF<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Judge: Honorable Beth Labson Freeman |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the First, Second, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because the federal and state claims are so related that they form part of the same case or controversy.

Defendants do not present counterclaims.

No issues exist over personal jurisdiction or venue as Defendants are officials of the City of San Jose, which is within the geographical boundaries of the Northern District of California, San Jose Division.

All parties to this action have been served.

2. Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

    a.    Plaintiffs' Position

The parties mostly agree on the facts. On February 8, 2022, the City of San Jose formally adopted Chapter 10.32 of Title 10 of the San Jose Municipal Code. It will become effective on August 8, 2022, at which time it will require San Jose gun owners to carry insurance policies for liability arising from the use of their guns, to pay an annual "fee" directly to a non-profit, and to pay another fee to the City to cover the costs of administering

*Joint Case Management Statement*

the Ordinance. The annual fee paid to the non-profit will not fund the City's costs of administering or enforcing the Ordinance. The non-profit will use the revenues from the annual fee to fund programs about gun safety available to gun owners and members of their household. The City will not otherwise manage the non-profit or dictate how it must spend the annual fee but will review the non-profit's performance.

The factual issues in dispute are:

- Whether the Ordinance's requirements will achieve the City's stated objectives of reducing gun violence and reimbursing the City or the public at large for the costs of gun violence.
- Whether the City's findings regarding gun violence that were used to justify the Ordinance's requirements are accurate and support the Ordinance's requirements.

b.      <u>Defendants' Position</u>

The facets of the Ordinance are clear from its face. It requires San Jose gunowners to 1) obtain liability insurance covering loss or damage resulting from the accidental use of their firearm; 2) pay an annual Fee to make available voluntary services to gunowner residents, their household or family members, or those in an intimate relationship with them; and 3) document their compliance by keeping near where their gun is stored or transported a City-issued form attesting that the gunowner has the required insurance and a receipt showing they have paid the Fee, and to produce these documents to a police officer upon lawful request. ECF 25-3, Exhibit H (§ 10.32.200(B)(13); 10.32.210(A), (C); § 10.32.230(A), (B)).

Because the language of the Ordinance and the procedural history associated with its enactment are essentially undisputed, Defendants do not believe there are factual issues in dispute in this case.

3.  <u>Legal Issues</u>
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Page **4**
*Joint Case Management Statement*

a.  Plaintiffs' Position

- Whether this is a pre-enforcement action ripe for review consistent with *Babbitt v. United Farm Worker's Nat'l Union*, 442 U.S. 289, 298 (1979).
- Whether the new Ordinance violates article XI, §7 of the California Constitution consistent with *Fiscal v. City and County of San Francisco*, 158 Cal.App. 895, 903 (Ct. App. 2008).
- Whether the new Ordinance violates the Second Amendment to the United States Constitution.  Specifically, at issue are 1) the appropriate level of scrutiny to apply under the guidance of the *Court in Dist. Columbia v. Heller*, 554 U.S. 570 (2008), 2) whether requiring insurance premiums and annual fees paid to a non-profit further the stated government interests of reducing gun violence and reimbursing the City for the costs of gun violence, 3) whether the insurance and non-profit fee requirements are a reasonable fit between the challenged regulation and the asserted objective (*See United States v. Chovan*, 735 F.3d 1127, 1139 (9th Cir. 2013)), and 4) whether the non-profit fee violates the *Murdock/Cox* fee-jurisprudence, which has been adopted by the 9th Circuit. *See Bauer v. Becerra*, 858 F.3d 1216 (9th Cir. 2017).
- Whether the fee requirement violates the free speech and free association rights of San Jose gun owners who do not consent to the fee consistent with *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (2018).
- Whether the Ordinance creates taxes that were not voted upon by the citizens of San Jose pursuant to Article XIII C of the California Constitution.
- Whether the Ordinance violates section 1211 of the City of San Jose's Charter.

b.  Defendants' Position

Defendants agree with Plaintiffs' list of the legal issues in dispute, but disagree with the authority and reasoning Plaintiffs rely on in listing those issues. The disputed legal issues (and the parties' positions on them) are set forth in the in Plaintiffs' Motion for Preliminary Injunction (ECF 25) and Defendants' Motion to Dismiss (ECF 36) and the corresponding briefing filed therewith.

4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

- The Plaintiffs have a pending Motion for Preliminary Injunction that has been briefed. Its hearing is scheduled for July 21, 2022, at 9:00 a.m.
- The Defendants have a pending Motion to Dismiss, to which the Plaintiffs' Response and the Defendants' Reply are forthcoming. The hearing is scheduled for August 4, 2022, at 9:00 a.m.
- Defendants filed an administrative motion under Local Rule 3-12 to relate this case with another matter recently removed from state court, *Howard Jarvis Taxpayers Association, et al v. City of San Jose* before Judge Cousins (Case No. 5:22-cv-02365-NC). The Court granted that motion. ECF 41. On April 20, 2022, the Court issued an Order to Show Cause, seeking briefing on why the two matters should not be consolidated. ECF 43. That briefing will be submitted by May 4, 2022. *Id*.

5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

The parties do not anticipate any additional amended pleadings.

6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have conferred about the steps taken to preserve evidence.

7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties agree that the parties have complied, or will comply, with the initial disclosure requirement of Rule 26.

8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The parties agree that there will be no discovery in this case prior to a dispositive ruling on Defendants' Motion to Dismiss, set for hearing on August 4, 2022 if not mooted in some manner by a ruling on Plaintiffs' Motion for Preliminary Injunction set for hearing on July 21, 2022.

9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

N/A.

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

On April 20, 2022, the Court ordered that this case is "related," pursuant to Local Rule 3-12, to the case entitled *Howard Jarvis Taxpayers Association, et al v. City of San Jose* (Case No. 5:22-cv-02365-NC) matter. ECF 41. Subsequent briefing on whether the cases should be consolidated will be submitted May 4, 2022. ECF 43.

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs seek nominal damages, attorney fees, injunctive relief and declaratory relief. Nominal damages do not require calculation as they are "in name only and by nature [are] minimal in amount." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 872 (9th Cir. 2017).

Defendants dispute there is any basis for Plaintiffs to collect damages or attorneys' fees in this case.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do*

Page **7**

*Joint Case Management Statement*

*not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Because this matter seeks to invalidate a local law based upon the constitutionality of that law, the parties agree that neither ADR nor settlement attempts will assist the parties in a resolution.

Defendants nonetheless remain open to resolution discussions.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*     ____ YES     _x___ NO

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Because this matter seeks to invalidate a local law based upon the constitutionality of that law, the parties agree that the most efficient manner to resolve this dispute is to have a district judge determine the constitutionality of the local law at issue.

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties have met and conferred and do not believe any measures can be taken to narrow disputed issues at this time.

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Plaintiffs' Motion for Preliminary Injunction will be heard on July 21, 2022. On March 25, 2022, Plaintiffs Filed an Unopposed Motion to Shorten Time, which was denied on the same day.

17. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Page **8**

*Joint Case Management Statement*

The parties agree that ADR, expert designations, discovery, and pretrial conferences are unnecessary for the preliminary injunction motion, and/or motion to dismiss to be heard and decided. Should this matter proceed after the resolution of these Motions, the parties propose the following schedules:

Plaintiffs' Proposed Schedule:

- Expert Witnesses will be disclosed by June 15, 2023.
- All discovery will be completed by August 1, 2023.
- All dispositive motions will be filed by October 1, 2023.
- The final pre-trial conference will be scheduled December 15, 2023.
- The matter will be set for trial on February 1, 2024.

Defendants Proposed Schedule:

- Fact Discovery Cut-Off: December 15, 2023
- Expert Discovery Cut-Off: February 15, 2024
- Hearing on Dispositive Motions: on or about May 31, 2024, subject to the Court's availability.
- Final Pretrial Conference: to be set by the Court.
- Trial Date: to be set by the Court.

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

This matter will not require a jury trial. The parties estimate that trial will take five (5) days.

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

*Joint Case Management Statement*

Plaintiffs filed their Certification of Interested Parties on January 26, 2022 (Doc 2). Defendants, as a governmental entity, are exempt from this disclosure per Local Rule 3-15(a).

20. <u>Professional Conduct</u>

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The parties have received and reviewed the Guidelines for Professional Conduct.

21. <u>Other</u>

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None.

**DHILLON LAW GROUP INC.**

Dated: April 21, 2022          /s/David A. Warrington

                                                     David A. Warrington

                                                     Counsel for Plaintiffs

**COTCHETT, PITRE & McCARTHY, LLP**

Dated: April 21, 2022          /s/Joseph W. Cotchett

                                                     Joseph W. Cotchett

                                                     Counsel for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I caused to serve a true and accurate copy of the following on all counsel of record via ECF:

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 21, 2022                              /s/David A. Warrington
                                                                         David A. Warrington