JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
TAMARAH P. PREVOST (SBN 313422)
tprevost@cpmlegal.com
ANDREW F. KIRTLEY (SBN 328023)
akirtley@cpmlegal.com
MELISSA MONTENEGRO (SBN 329099)
mmontenegro@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **National Association for Gun Rights, Inc.**, *et al.*, <br><br>Plaintiffs,<br><br>v.<br><br>**City of San Jose**, *et al.*,<br><br>Defendants. | **Case No. 5:22-cv-00501-BLF**<br><br>**RESPONSE TO ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED**<br><br>Judge:   Hon. Beth Labson Freeman |
| **Howard Jarvis Taxpayers Association**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**City of San Jose**, *et al.*,<br><br>Defendants. | **Case No. 5:22-cv-02365-BLF** |

## I. INTRODUCTION

The Court has ordered the parties to show cause why the Court should not consolidate two related actions seeking to invalidate provisions of the same San Jose ordinance ("Ordinance") based on substantially similar legal theories. The two cases should be consolidated. In both cases, the plaintiffs bring pre-enforcement facial challenges to the Ordinance under the First and Second Amendments to the U.S. Constitution (applicable to the City through the Fourteenth Amendment), as well as various provisions of the California Constitution and the San Jose City Charter. There is significant overlap in the legal claims and theories at issue in both actions, the Ordinance is the same, the Defendant City is the same, and both facial challenges would turn on the same or substantially similar facts. Judicial economy and the avoidance of duplicative proceedings would both be advanced by the two cases being consolidated, while generating no (or at most *de minimis*) inconvenience, delay, or extra expense. The actions should be consolidated for all purposes.

## II. PROCEDURAL HISTORY

### A. The Ordinance

The Ordinance was enacted on February 8, 2022, and is scheduled to take effect on August 7, 2022. In general terms, the Ordinance's purpose is to reduce the number of people killed and otherwise harmed by firearms in San Jose, and to make it more likely that victims of accidental shootings will receive compensation for their injuries. To that end, the Ordinance requires non-exempt San Jose gunowners to obtain liability insurance covering accidental shootings and to pay a yet-to-be-determined annual gun-harm reduction fee ("Fee") to a yet-to-be-designated nonprofit organization, which must use the Fee to provide gunowners and their families access to voluntary programming and services related to gun safety, suicide, domestic violence, and other known contributors to gun deaths and injuries.

### B. The *NAGR* Action

On January 25, 2022, plaintiffs National Association for Gun Rights, Inc. ("NAGR") and Mark Sikes filed a complaint in this Court seeking to invalidate the Ordinance against defendants City of San Jose, Jennifer Maguire (in her official capacity as City Manager of the City of San Jose), and the City of San Jose City Council. *See Nat'l Ass'n for Gun Rights, Inc., et al. v. City of*

*San Jose, et al.*, No. 5:22-cv-00501-BLF ("*NAGR*"). On February 14, 2022, the *NAGR* plaintiffs filed their operative First Amended Complaint ("FAC"). ECF 19. The FAC seeks to invalidate the Ordinance in its entirety under six causes of action for alleged violations of (1) the Second and Fourteenth Amendments to the U.S. Constitution, (2) the First and Fourteenth Amendments to the U.S. Constitution, (3) Article XI, Section 7, of the California Constitution, (4) Article XIII C, Section 1, of the California Constitution, as amended by Proposition 26, (5) the San Jose City Charter, and (6) under the Declaratory Judgment Act. *Id.*

There are two pending motions before the Court in the *NAGR* action, both of which are fully briefed: (1) Plaintiffs' motion for preliminary injunction (*see* ECF 25, 28, 32), set to be heard on July 21, 2022; and (2) Defendants' motion to dismiss the FAC under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) (*see* ECF 36, 46, 50), set to be heard on August 4, 2022. The parties have agreed not to engage in any discovery "prior to a dispositive ruling on Defendants' Motion to Dismiss … if not mooted in some manner by a ruling on Plaintiffs' Motion for Preliminary Injunction …." ECF 44 at 7 (joint Rule 26(f) statement). The Court held an initial case management conference on April 28, 2022, but other major case events have yet occurred, and this case is still in its relative infancy. ECF 49.

      C.     The *HJTA* Action

On March 7, 2022, Plaintiffs Howard Jarvis Taxpayers Association, Silicon Valley Taxpayers Association, Inc., Silicon Valley Public Accountability Foundation, James Barry, and George Arrington filed a complaint against the City in Santa Clara County Superior Court seeking to invalidate the Ordinance's Fee-related provisions, and the City timely removed the action to this Court on April 15, 2022. *Howard Jarvis Taxpayers Ass'n, et al. v. City of San Jose*, No. 5:22-cv-02365-BLF ("*HJTA*").

The *HJTA* complaint seeks to invalidate only the Fee-related provisions of the Ordinance (*see* Ordinance §§ 10.32.215, 10.32.230(B)) under four causes of action for (1) First and Fourteenth Amendments to the U.S. Constitution, and Article I, Sections 2-3, of the California Constitution (for alleged violation of constitutional rights of speech and association), (2) Second and Fourteenth Amendments to the U.S. Constitution, and Article I, Section 1, of the California

1  Constitution (for allegedly imposing "unconstitutional conditions"), (3) Article XIII C, Sections 1-
2  2, of the California Constitution, as amended by Proposition 26 (for allegedly imposing a special
3  tax lacking voter approval), and (4) Article XI, Section 11, and Article XIII, Section 31, of the
4  California Constitution (for allegedly unconstitutional delegation of the power to tax).

5        The only pending motion before the Court in the *HJTA* action is the City's motion to
6  dismiss the complaint under Rules 12(b)(1) and 12(b)(6), which was filed on April 22, 2022
7  (ECF 9), and set to be heard on August 18, 2022.

8        **D.**      **The Court Has Ordered These Cases Related**

9        On April 19, 2022, Defendants filed an administrative motion to consider whether the
10  *NAGR* and *HJTA* actions should be related, pursuant to Civil Local Rules 3-12 and 7-11. *NAGR*
11  Action, ECF 40. The following day, the Court granted the motion and issued an Order to show
12  cause why the two cases should not be consolidated ("Order to Show Cause"). ECF 41, 43.

13  **III.**    **ARGUMENT**

14        The Court should consolidate the *NAGR* and *HJTA* actions for all purposes. Consolidation
15  pursuant to Rule 42(a) is proper where actions "involve a common question of law or fact." Fed.
16  R. Civ. P. 42(a). "The purpose of consolidation is not only to enhance efficiency of the trial court
17  by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent
18  adjudications." *Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 WL 13141425, at *2
19  (N.D. Cal. June 14, 2011) (cleaned up). A "district court has broad discretion … to consolidate
20  cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of
21  Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citation omitted). In exercising its broad discretion to
22  consolidate actions under Rule 42(a), a court "weighs the saving of time and effort consolidation
23  would produce against inconvenience, delay, or expense that it would cause." *Huene v. United
24  States*, 743 F.2d 703, 704 (9th Cir. 1984).

25        Here, the pleadings and motion to dismiss briefing in the related *NAGR* and *HJTA* actions
26  make clear that the cases present largely overlapping theories, and a multitude of common
27  questions of law and fact. *See generally NAGR*, ECF 40 (administrative motion to consider
28  whether cases should be related). Both actions are facial challenges to all or substantial portions of

the Ordinance based on the same and/or substantially similar legal theories, including virtually identical alleged violations of the First and Second Amendments to the U.S. Constitution (applied to the City via the Fourteenth Amendment), and Article XIII C of the California Constitution, as amended by Proposition 26. While the *NAGR* and *HJTA* plaintiffs each assert a small number of additional state law theories for striking down the Ordinance (e.g., alleged violations of the San Jose City Charter) other state law theories simply allege violations of state constitutional analogues for the First and Second Amendment claims, which are present in both complaints. *Compare* NAGR Complaint, ECF 19 (¶¶ 82-115); with HJTA Complaint, ECF 1 Ex. A (¶¶ 9-23), cited from each respective docket. The claims in the two complaints are factually and legally similar. In any event, there can be no reasonable dispute that the two actions share many common questions of law and fact, thus making consolidation appropriate and desirable under Rule 42(a).

The Ordinance is the same, the Defendant City is the same, there is the same basis for jurisdiction in both cases, Plaintiffs are seeking the same or similar relief, and all of the discovery (from the Defendants' side at least) will be essentially identical in both cases. There is no sense from a judicial economy standpoint for the Court to have two trials on cases that overlap to this degree.  There is no sense in forcing the Court to consider and hear two summary judgment motions, should dispositive motion practice ensue. Aside from being inefficient, denying consolidation would be extremely prejudicial to Defendants, given that any future written discovery required from Defendants will be nearly identical, as will Defendants' witnesses. Permitting duplicative proceedings will improperly increase the costs and resources attendant to defending this Ordinance.

Moreover, while not precisely before the Court, on April 26, 2022, a third pre-enforcement challenge to the Ordinance was filed under the First, Second, and Fourteenth Amendments to the U.S. Constitution, asserting substantially similar legal theories as in the *NAGR* and *HJTA* actions. *See Glass, et al. v. City of San Jose, et al.*, No. 5:22-cv-02533-BLF ("*Glass*"). While the *Glass* action is not at issue in the present case, it is part of the landscape of litigation challenging the Ordinance and helps to show that judicial economy would be served by consolidating the *NAGR* and *HJTA* actions. It is possible that after August 7, 2022, when the Ordinance takes effect,

additional lawsuits will be filed. On May 3, 2022, the *Glass* action was ordered related to the *NAGR* action, reassigned to this Court, and the parties to that action will be responding to the Court's Order to Show Cause Why Cases Should Not Be Consolidated, by May 17, 2022. *See NAGR*, ECF 51, 52.

In sum, consolidation will significantly conserve judicial resources and prevent prejudice to Defendants, while generating no (or at most *de minimis*) inconvenience, delay, or expense. Consolidation will also conserve judicial and party resources and expedite resolution of this matter by avoiding duplicative motions practice at the pleading stage and potentially duplicative motions and other practice concerning discovery, discovery disputes, summary judgment, and trial.

### IV.   CONCLUSION

For all the foregoing reasons, the *NAGR* and *HJTA* actions should be consolidated for all purposes.

Dated: May 4, 2022                                     **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Tamarah P. Prevost*
    JOSEPH W. COTCHETT
    TAMARAH P. PREVOST
    ANDREW F. KIRTLEY
    MELISSA MONTENEGRO

*Attorneys for Defendants*