JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
TAMARAH P. PREVOST (SBN 313422)
tprevost@cpmlegal.com
ANDREW F. KIRTLEY (SBN 328023)
akirtley@cpmlegal.com
MELISSA MONTENEGRO (SBN 329099)
mmontenegro@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **National Association for Gun Rights, Inc.**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **City of San Jose**, *et al.*, <br><br> Defendants. | **Case No. 5:22-cv-00501-BLF** <br><br> **RESPONSE TO ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED** <br><br> Judge: Hon. Beth Labson Freeman |
| **Christopher Glass**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **City of San Jose**, *et al.*, <br><br> Defendants. | **Case No. 5:22-cv-02533-BLF** |

## I. INTRODUCTION

The Court has ordered the parties to show cause why the Court should not consolidate the two above-captioned related actions, which are pre-enforcement challenges that seek to invalidate the same City of San Jose ("City") ordinance ("Ordinance") based on the same or substantially similar legal theories under the First and Second Amendments to the U.S. Constitution (applicable to the City through the Fourteenth Amendment). Defendants believe that consolidation is appropriate. Both cases also name some of the same defendants (the City and City Manager) and would turn on the same or substantially similar facts if they survive beyond the pleading stage. Consolidation would promote judicial economy and the avoidance of duplicative proceedings, while generating no (or at most *de minimis*) inconvenience, delay, or extra expense. The actions should be consolidated for all purposes.

## II. PROCEDURAL HISTORY

### A. The Ordinance

The Ordinance was enacted on February 8, 2022, and is scheduled to take effect on August 7, 2022. In general terms, the Ordinance's purpose is to reduce the number of people killed and otherwise harmed by firearms in San Jose, and to make it more likely that victims of accidental shootings will receive compensation for their injuries. To that end, the Ordinance requires non-exempt San Jose gunowners to obtain liability insurance covering accidental shootings and to pay a yet-to-be-determined annual gun-harm reduction fee ("Fee") to a yet-to-be-designated nonprofit organization, which must use the Fee to provide gunowners and their families access to voluntary programming and services related to gun safety, suicide, domestic violence, and other known contributors to gun deaths and injuries.

### B. The *NAGR* Action

On January 25, 2022, plaintiffs National Association for Gun Rights, Inc. ("NAGR") and Mark Sikes filed a complaint in this Court seeking to invalidate the Ordinance against defendants City of San Jose, Jennifer Maguire (in her official capacity as City Manager of the City of San Jose), and the City of San Jose City Council. *See Nat'l Ass'n for Gun Rights, Inc., et al. v. City of San Jose, et al.*, No. 5:22-cv-00501-BLF ("*NAGR*"). On February 14, 2022, the *NAGR* plaintiffs

filed their operative First Amended Complaint ("FAC"). ECF 19. The FAC seeks to invalidate the Ordinance in its entirety under six causes of action for alleged violations of (1) the Second and Fourteenth Amendments to the U.S. Constitution (42 U.S.C. § 1983), (2) the First and Fourteenth Amendments to the U.S. Constitution (42 U.S.C. § 1983), (3) Article XI, Section 7, of the California Constitution, (4) Article XIII C, Section 1, of the California Constitution, as amended by Proposition 26, (5) the San Jose City Charter, and (6) under the Declaratory Judgment Act. *Id.*

There are two pending motions before the Court in the *NAGR* action, both of which are fully briefed: (1) Plaintiffs' motion for preliminary injunction (*see* ECF 25, 28, 32), set to be heard on July 21, 2022; and (2) Defendants' motion to dismiss the FAC under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) (*see* ECF 36, 46, 50), set to be heard on August 4, 2022. The *NAGR* parties have agreed not to engage in any discovery "prior to a dispositive ruling on Defendants' Motion to Dismiss … if not mooted in some manner by a ruling on Plaintiffs' Motion for Preliminary Injunction …." ECF 44 at 7 (joint Rule 26(f) statement). The Court held an initial case management conference on April 28, 2022, but other major case events have yet occurred, and this case is still in its relative infancy. ECF 49.

### C. The *Glass* Action

On April 26, 2022, Plaintiffs Christopher Glass and Firearms Policy Coalition, Inc. filed a complaint in this Court against defendants City of San Jose, Anthony Mata (in his official capacity as the City's Chief of Police), and Jennifer Maguire (in her official capacity as City Manager). *See Glass, et al. v. City of San Jose, et al.*, No. 5:22-cv-02533-BLF ("*Glass*"). The *Glass* complaint seeks to invalidate the Ordinance in its entirety under two causes of action for alleged violations of (1) the Second and Fourteenth Amendments to the U.S. Constitution (42 U.S.C. § 1983) and (2) the First and Fourteenth Amendments (42 U.S.C. § 1983). ECF 1. There are no currently pending motions in the *Glass* action, but the City intends to timely file a motion to dismiss under Rules 12(b)(1) and 12(b)(6), just as it has done in the *NAGR* action.

/ / /

/ / /

/ / /

### D. The Court Has Ordered These Cases Related

On April 26, 2022, the Honorable Magistrate Judge Nathanael Cousins *sua sponte* referred the *Glass* action to this Court for consideration whether the *Glass* action is related to the *NAGR* action. *NAGR*, ECF 47. On May 3, 2022, this Court ordered the *Glass* action related to the *NAGR* action, reassigned the *Glass* action to itself, and issued an order to show cause why the two cases should not be consolidated ("Order to Show Cause"). *See NAGR*, ECF 51, 52; *Glass*, ECF 19.

## III. ARGUMENT

The Court should consolidate the *NAGR* and *Glass* actions for all purposes. Consolidation pursuant to Rule 42(a) is proper where actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 WL 13141425, at *2 (N.D. Cal. June 14, 2011) (cleaned up). A "district court has broad discretion … to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citation omitted). In exercising its broad discretion to consolidate actions under Rule 42(a), a court "weighs the saving of time and effort consolidation would produce against inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Here, the pleadings in the *NAGR* and *Glass* actions make clear that the cases present significantly overlapping legal theories, and a multitude of common questions of law and fact. Both actions are facial challenges to the Ordinance in its entirety based on identical or virtually identical legal theories under the First and Second Amendments to the U.S. Constitution (applied to the City via the Fourteenth Amendment). *Compare NAGR*, FAC (ECF 19) ¶¶ 82-115, *with Glass*, Compl. (ECF 1) ¶¶ 41-61. There can be no reasonable dispute that the two actions share many common questions of law and fact, thus making consolidation appropriate and desirable under Rule 42(a).

The Ordinance is the same, the defendants are substantially the same, there is the same basis for jurisdiction in both cases, Plaintiffs are seeking the same or substantially similar relief,

and all of the discovery (that could be provided by Defendants, at least) will be essentially identical. There is no good reason from a judicial economy standpoint for the Court to have two trials on cases that overlap to such a significant degree. Nor is there any sense in forcing the Court to consider and hear two summary judgment motions, should these actions survive the pleading stage. On the other hand, denying consolidation would be prejudicial to Defendants because it would force them to incur significant duplication of effort and extra expense to defend the Ordinance by having to respond to overlapping discovery requests, to produce and re-produce the same witnesses for depositions and trial, and the like. Denying consolidation would be contrary to Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

In sum, consolidation will significantly conserve judicial resources and prevent prejudice to Defendants, while generating no (or at most *de minimis*) inconvenience, delay, or expense. Consolidation will also conserve judicial and party resources and expedite resolution of this matter by avoiding duplicative motions practice at the pleading stage and potentially duplicative motions and other practice concerning discovery, discovery disputes, summary judgment, and trial.

**IV.   CONCLUSION**

For all the foregoing reasons, the *NAGR* and *Glass* actions should be consolidated for all purposes.

Dated: May 17, 2022               **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Tamarah P. Prevost*
JOSEPH W. COTCHETT
TAMARAH P. PREVOST
ANDREW F. KIRTLEY
MELISSA MONTENEGRO

*Attorneys for Defendants*