1  HARMEET K. DHILLON (SBN: 207873)
   harmeet@dhillonlaw.com
2  MICHAEL A. COLUMBO (SBN: 271283)
   mcolumbo@dhillonlaw.com
3  MARK P. MEUSER (SBN: 231335)
4  mmeuser@dhillonlaw.com
   DHILLON LAW GROUP INC.
5  177 Post Street, Suite 700
   San Francisco, California 94108
6  Telephone: (415) 433-1700
7
   DAVID A. WARRINGTON*
8  dwarrington@dhillonlaw.com
9  CURTIS M. SCHUBE*
   cschube@dhillonlaw.com
10 DHILLON LAW GROUP INC.
   2121 Eisenhower Avenue, Suite 402
11 Alexandria, VA 22314
12 Telephone: (571) 400-2121

13 *Admitted *Pro Hac Vice*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,** a non-profit corporation, and **MARK SIKES,** an individual, | Case No. 5:22-cv-00501-BLF |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO CONSOLIDATION WITH *GLASS V. CITY OF SAN JOSE*** |
| v. | |
| **CITY OF SAN JOSE, a public entity, JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL,** | |
| Defendants. | |



Plaintiffs' Opposition to Consolidation with
*Glass v. San Jose*                                                   5:22-cv-00501-BLF

# INTRODUCTION

On May 3, 2022, this Court issued an Order to the parties to show cause why this matter and *Glass v. City of San Jose*, 5:22-cv-02533 NC (N.D. Cal) ("*Glass*") should not be consolidated. The Court should exercise its discretion to not consolidate this matter with *Glass*. Doing so would mean Plaintiffs' case and *Glass* would share hearing dates and a common timeline. But in just 82 days, the Defendants' unlawful Ordinance will take effect unless this court reaches a merits decision in Plaintiffs' favor. Having already slumbered on their rights for more than two months after enactment of San Jose's Ordinance, the parties in *Glass* are unlikely to advance their case quickly enough to reach a resolution in 82 days.

In contrast, Plaintiffs' case is fully briefed and awaiting a hearing. Consolidation would thus substantially prejudice Plaintiffs by delaying the disposition of this case. If the cases were consolidated, and the *Glass* parties cannot complete all briefing in time for the currently scheduled hearing on Plaintiffs' Motion for Preliminary Injunction, or if that hearing is postponed, Plaintiffs will also need to seek a temporary restraining order ("TRO") when the Ordinance's effective date approaches, which further prejudices Plaintiffs.

It is also premature to consolidate *Glass* before the Court has considered a motion to dismiss in that case. Unlike the plaintiffs in *Howard Jarvis,* who timely filed a legal challenge with arguments distinct from Plaintiffs, the plaintiffs in *Glass* did nothing for more than two months after the Ordinance was enacted before filing a duplicative tag-along complaint. *Glass* thus still remains subject to dismissal under the doctrine of laches, which would also obviate the substantial prejudice and complications that would arise from consolidation. Consolidating a hearing schedule is also premature when service has not occurred, much less any motions or briefs filed.

# ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure states that a court "may" consolidate actions which "involve a common question of law or fact." "Consolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). Thus, even if common questions of law or fact exist, the Court is not required to consolidate. The Court should exercise its discretion to not consolidate because consolidation is premature and would

substantially prejudice Plaintiffs by potentially delaying the Court's decision in this matter until after Defendants' unlawful Ordinance takes effect and by requiring additional briefing on a TRO.

### A. Consolidation is Premature Until an Answer Is Filed.

Consolidation is premature prior to the filing of an answer. *Wang Laboratories Inc. v. Mitsubishi Electronics America Inc.*, 1993 WL 574424 (C.D. Cal. 1993); *see also* 5 J. Moore, Federal Practice ¶42.02, at 42-7 n. 5 (2d Ed. 1969). Here, service has not been accomplished, much less an answer filed. The earliest deadline to file an answer will be 21 days from service of the complaint, assuming service is not waived. Consolidation is premature until the *Glass* plaintiffs have completed service and the Defendants have had the time to file an answer or motion to dismiss. Indeed, an effective motion to dismiss in *Glass* would avoid any need to consolidate.

### B. Consolidation Would Substantially Prejudice Plaintiffs.

"Consolidation [can] not prejudice rights to which the parties would have been due had consolidation never occurred." *Hall v. Hall*, 138 S.Ct. 1118, 1128 (2018). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989); *see also Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). For example, a "court may deny consolidation where two cases are at different stages of preparedness for trial." *Snyder v. Nationstar Mortgage LLC*, 2016 WL 3519181, at *3 (N.D. Cal. 2016). This Court has described the factors to consider for potential consolidation as: 1) "the *risk* of delaying trial, 2) the *risk* of prejudice and confusion, and 3) the *potential* burden on the parties, witnesses, and available judicial resources." *Prime Media Grp., LLC v. Acer America Corp.*, 2015 WL 12979102, at *2 (N.D. Cal. 2015)(emphasis added). For example, consolidation is not appropriate when doing so would delay a scheduled motion to dismiss hearing and when the pleadings in one matter are not yet set. *Id*. The circumstances here are similar to *Prime Media* because consolidation is likely to delay the July 21, 2022, preliminary injunction hearing and because, as stated above, the pleadings are not yet set.

In *Glass*, the Complaint was filed on April 26, 2022. The Defendant has not been served. Assuming service is waived, the Defendant would have sixty days to file a responsive pleading. As of

1  the date of this filing, that deadline would fall on July 18, 2022, three days before the preliminary
2  injunction hearing. Additionally, any motions filed would need to be fully briefed by the parties.
3  There is a significant likelihood that the parties in *Glass* would not be prepared by the currently
4  scheduled preliminary injunction hearing on July 21, 2022.

5  In contrast, here, both the Plaintiffs' Motion for Preliminary Injunction and the Defendants'
6  Motion to Dismiss are already fully briefed. In *Howard Jarvis Taxpayers Association v. City of San*
7  *Jose*, 5:22-cv-00501 (N.D. Cal), the parties have already completed their briefing for the Motion to
8  Dismiss. Both cases are far enough along to share hearing dates.

9  Plaintiffs' early filing put them in the position to have the matter heard and decided before the
10  Ordinance in question goes into effect on August 8, 2022. As the Court noted at the case management
11  conference, there is a likelihood that the losing party on the Motion for Preliminary Injunction will try
12  to appeal to the Ninth Circuit, so it is necessary for the parties to have time for such an appeal before
13  the Ordinance goes into effect. Any delay in having the Motion for Preliminary Injunction heard by
14  this court would prejudice the Plaintiffs or Defendants in seeking an appeal.

15  If the *Glass* parties did need more time to be prepared for a hearing, Plaintiffs would be forced
16  to file a request for a TRO, which would also prejudice Plaintiffs by needlessly increasing the cost of
17  litigation and adding additional burden on the Court related to a TRO. Filing such a motion would
18  require more briefing and another hearing date which are in short supply as the Court has already told
19  the parties here. Plaintiffs avoided this unnecessary step by filing early enough to brief and hold a
20  hearing for a preliminary injunction (thus avoiding the necessity of a TRO). By contrast, the plaintiffs
21  in *Glass* waited for more than two months after the enactment of San Jose's ordinance to file their tag-
22  along and derivative complaint.

23  **C. Denying Consolidation Does Not Prejudice Defendants**

24  Consolidation does not mean a complete merger of cases. *Bob Lewis Vokswagen v. Universal*
25  *Underwriters Group*, 571 F.Supp.2d 1148, 1155 (N.D. Cal. 2008). Rather, cases retain their own
26  separate character. *Id*. Thus, Defendants will have to file an answer, file and respond to motions, and
27  otherwise separately litigate the *Glass* case, whether or not this case is consolidated. Accordingly,
28  declining consolidation will not prejudice Defendants.

**CONCLUSION**

Because consolidation is premature, and because consolidation of this matter with *Glass* would likely cause delay and prejudice Plaintiffs, this Court should exercise its discretion to not consolidate these two cases.

Dated: May 17, 2022     By:  /s/ *Harmeet K. Dhillon*
Harmeet K. Dhillon
Michael A. Columbo
Mark P. Meuser
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
(415) 433-1700

David A. Warrington (*pro hac vice*)
Curtis M. Schube (*pro hac vice*)
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
(571) 400-2121

*Attorneys for Plaintiffs*