1

2                    IN THE UNITED STATES DISTRICT COURT

3                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                             SAN JOSE DIVISION

5

   NATIONAL ASSOCIATION FOR GUN      )   CV-22-00501-BLF
6  RIGHTS, INC. ET AL,               )
                                     )   SAN JOSE, CALIFORNIA
7                 PLAINTIFF,         )
                                     )   AUGUST 4, 2022
8             VS.                    )
                                     )   PAGES 1-30
9  CITY OF SAN JOSE, ET AL,          )
                                     )
10                DEFENDANT.         )
                                     )
11  _____

12                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE BETH LABSON FREEMAN
13                   UNITED STATES DISTRICT JUDGE

14
                        A P P E A R A N C E S
15

16     FOR THE PLAINTIFF:      **BY:  MICHAEL A COLUMBO**
                               DHILLON LAW GROUP, INC.
17                             POLITICAL LAW
                               177 POST STREET, SUITE 700
18                             SAN FRANCISCO, CA 94108

19     FOR THE DEFENDANT:      **BY:  TAMARAH PREVOST**
                                    **MELISSA MONTENEGRO**
20                                  **ANDREW KIRTLEY**
                               COTCHETT PITRE MCCARTHY
21                             840 MALCOLM ROAD
                               BURLINGAME, CA 94010

22

23     OFFICIAL COURT REPORTER:     SUMMER FISHER, CSR, CRR
                                    CERTIFICATE NUMBER 13185

24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER

```
1              SAN JOSE, CALIFORNIA              AUGUST 4, 2022

2                     P R O C E E D I N G S

3         (COURT CONVENED AT 9:02 A.M.)

4              THE CLERK:  CALLING CASE 22-0501.  NATIONAL

5    ASSOCIATION FOR GUN RIGHTS, ET AL. VERSUS THE CITY OF SAN JOSE,

6    ET AL.

7              COUNSEL, IF YOU WOULD PLEASE STATE YOUR APPEARANCES, AND

8    IF WE COULD BEGIN WITH PLAINTIFF AND THEN MOVE TO DEFENDANT.

9              MR. COLUMBO:  GOOD MORNING, YOUR HONOR.

10        MICHAEL COLUMBO ON BEHALF OF THE NATIONAL ASSOCIATION FOR

11   GUN RIGHTS AND MARK SIKES, THE PLAINTIFF.

12             THE COURT:  GOOD MORNING.

13             MS. PREVOST:  GOOD MORNING, YOUR HONOR.

14        TAMARAH PREVOST, COTCHETT PITRE MCCARTHY, FOR THE CITY OF

15   SAN JOSE, DEFENDANTS.

16             THE COURT:  GOOD MORNING.

17             MR. KIRTLEY:  GOOD MORNING, YOUR HONOR.

18        ANDREW KIRTLEY ALSO OF COTCHETT PITRE MCCARTHY.

19             THE COURT:  GOOD MORNING.

20             MS. MONTENEGRO:  GOOD MORNING, YOUR HONOR.

21        MELISSA MONTENEGRO, ALSO OF COTCHETT PITRE MCCARTHY, FOR

22   DEFENDANT CITY OF SAN JOSE.

23             THE COURT:  GOOD MORNING.

24        ALL RIGHT.  WELL, I IMAGINE THERE'S NOT MUCH SURPRISE

25   TODAY BECAUSE YOU'VE HAD AT LEAST A SHORT AMOUNT OF TIME TO
```

1    REVIEW MY ORDER DENYING THE MOTION FOR PRELIMINARY INJUNCTION.

2    THAT'S NOT TO SAY THE CASE DOESN'T GO FORWARD.

3         AND MR. COLUMBO, I DON'T THINK YOU HAD ANY REAL DOUBT

4    ABOUT THAT, BUT I WANTED -- WHAT I WOULD LIKE TO DO IS TO WALK

5    THROUGH MY TENTATIVE RULING ON EACH OF THE CLAIMS, AND THEN WE

6    CAN TURN BACK TO ARGUMENT ON IT.  BUT THAT MAY HELP.  AND IT

7    MAY SHORT CIRCUIT SOME OF IT.

8         THE FIRST CLAIM IS UNDER THE SECOND AMENDMENT, AND OF

9    COURSE YOU BRIEFED -- YOU PLED THIS CLAIM, MR. COLUMBO UNDER, A

10   DIFFERENT SET OF LAWS THAT CONTROLLED.  THIS IS NOW OUT OF

11   DATE, IT'S ALMOST INCOMPREHENSIBLE UNDER BRUEN, TO NO FAULT OF

12   YOURS.  AND SO QUITE FRANKLY, I THINK YOU OUGHT TO JUST AMEND

13   THE FIRST CAUSE OF ACTION, BECAUSE IT JUST ISN'T WORTH OUR TIME

14   DISCUSSING WHETHER THERE'S INTERMEDIATE OR STRICT SCRUTINY AND

15   HOW THE BALANCING GOES.

16        I WILL CIRCLE BACK TO THE FEE ISSUE AFTER I TALK ABOUT THE

17   SECOND CLAIM WHICH IS UNDER THE FIRST AMENDMENT, THAT ONLY

18   PERTAINS TO THE FEE.

19        AS I INDICATED IN MY DENIAL OF THE MOTION FOR PRELIMINARY

20   INJUNCTION, I DON'T BELIEVE THAT THE FEE CLAIM IS RIPE.  I

21   BELIEVE THAT ON A MOTION TO DISMISS, THAT WOULD CAUSE ME TO

22   ACTUALLY DISMISS THIS CLAIM WITHOUT PREJUDICE TO BEING

23   RE-FILED.

24        I WANT TO BE -- AND THEREFORE ONCE, OR IF EVER THE FEE IS

25   FULLY ENACTED AND HAS A START DATE, YOU CAN MAKE A MOTION FOR

1    LEAVE TO AMEND TO BRING IT BACK.

2        SO I WOULD -- CIRCLING BACK TO CLAIM ONE, WHICH YOUR

3    SECOND AMENDMENT CLAIM DEALS WITH BOTH THE FEE AND THE

4    INSURANCE, I CAN'T EVALUATE THE FEE UNDER THE SECOND AMENDMENT

5    EITHER BECAUSE I DON'T KNOW WHETHER IT'S A MODEST TO DE MINIMUS

6    AMOUNT OR AN EXORBITANT FEE OR SOMEWHERE IN BETWEEN, AND SO I

7    THINK IT'S JUST NOT RIPE.

8        ON CLAIM THREE, UNDER THE CALIFORNIA CONSTITUTION ON FIELD

9    PREEMPTION, I'M INCLINED TO GRANT THAT MOTION TO DISMISS ON

10   THAT CLAIM WITHOUT LEAVE TO AMEND.  AND I THINK THAT'S FULLY

11   DISCUSSED IN THE PRELIMINARY INJUNCTION ORDER.

12       ON THE FOURTH CLAIM UNDER THE CALIFORNIA CONSTITUTION ON

13   THE TAXATION ISSUE, I DO THINK ON THIS IT'S RIPE, AND THINGS

14   WILL DEVELOP AS THE CASE GOES ON.

15       SO I'M NOT EXACTLY SURE WHAT I'M GOING TO DO HERE, I

16   ACTUALLY THINK THAT I MAY GRANT THE MOTION TO DISMISS IN REGARD

17   TO THE INSURANCE AND DENY THE MOTION TO DISMISS IN REGARD TO

18   THE FEE.  SO I WANT TO HEAR SOME ARGUMENT ON THAT.

19       ON CLAIM FIVE IN REGARD TO THE CHARTER VIOLATION, THAT

20   PERTAINS TO THE FEE, I'M INCLINED TO DENY THE MOTION TO

21   DISMISS.  I DO NEED A MORE DEVELOPED RECORD, AND THAT WILL

22   OCCUR THROUGHOUT THE MONTHS OR YEARS OF DISCOVERY AND

23   DEVELOPMENT OF THE CASE.

24       AND ON THE DECLARATORY RELIEF CLAIM, I THINK THERE'S A LOT

25   OF OVERLAP.  I'M NOT INCLINED TO DISMISS IT AT THAT POINT.  I

1    THINK THAT THAT MAY BECOME MORE OBVIOUS IN THE FUTURE.  I THINK

2    IT'S SOMEWHAT INSIGNIFICANT, IF IT'S DUPLICATIVE, WE GET RID OF

3    IT LATER, IF IT'S NOT DUPLICATIVE, THEN I THINK MR. COLUMBO

4    WILL HAVE THE OPPORTUNITY TO DEVELOP THAT A LITTLE FURTHER.

5            SO THAT'S MY TENTATIVE.  YOU CAN SEE THERE ARE A FEW

6    THINGS THAT I'M UNDECIDED ON, AND ON ALL OF IT, YOU ARE WELCOME

7    TO CHANGE MY MIND, AND THAT'S WHY WE HAVE HEARINGS.

8            SO MS. PREVOST, THIS IS YOUR MOTION, I'M GOING TO LET YOU

9    START.

10               MS. PREVOST:  THANK YOU, YOUR HONOR.

11           I APPRECIATE THE COURT'S COMMENTS, THAT WAS HELPFUL IN

12    FRAMING THE ISSUES.

13           THERE ARE QUITE A FEW ISSUES IN THIS CASE, AS THE COURT

14    KNOWS, AND WE AGREE GENERALLY THAT A LOT OF THEM AREN'T RIPE.

15    AND THAT ALSO DOVETAILS INTO ONE THE BASIS FOR OUR MOTION,

16    WHICH IS THAT THIS IS NOT AN APPROPRIATE FACIAL CHALLENGE,

17    BECAUSE IF ANYTHING, WHAT THE PLAINTIFFS ARE SEEKING HERE IS

18    RELIEF ON AN -- ON AS-APPLIED ARGUMENTS.

19           AND SO OUR VIEW, GENERALLY, IS THAT THERE ARE CERTAIN

20    LEGAL CLAIMS THAT CAN BE DECIDED ON THE COMPLAINT, ON THE

21    PAPERS, AS THE COURT ALLUDED TO IN YOUR COMMENTS JUST NOW.  AND

22    THEN OTHERS THAT ARE INAPPROPRIATE FOR A FACIAL CHALLENGE

23    BECAUSE THEY NEED TO BE FACTUALLY DEVELOPED, OR THE SPECIFIC

24    HARM TO THE PLAINTIFFS AS THE ORDINANCE IS FULLY DEVELOPED,

25    NEEDS TO BE ARTICULATED OR IN A FUTURE COMPLAINT OR AMENDMENT

1    OF SOME KIND.

2         AND THAT CERTAINLY IS TRUE ABOUT THE FEE.  IT ALSO, I

3    THINK IS TRUE ABOUT PORTIONS OF THE CITY CHARTER ARGUMENT,

4    CLAIM, RATHER.

5         I WILL START WITH, PERHAPS, THE STATE CONSTITUTIONAL

6    ARGUMENT, PROPOSITION 26 TAX ARGUMENT, AS THAT WAS I THINK THE

7    FIRST ISSUE THAT THE COURT SOUGHT SOME COMMENT ON.

8              THE COURT:  YES.

9              MS. PREVOST:  AND SO OUR VIEW HAS NOT CHANGED IN THE

10   TWO HEARINGS OR ONE AND A HALF HEARINGS WE'VE HAD SO FAR ON

11   THIS, AND THAT IS REALLY THIS FEE, THE FEE PORTION AT LEAST, IS

12   NOT A TAX BECAUSE NO PORTION OF THE FEE IS PASSING THROUGH

13   GOVERNMENT HANDS.

14        AND THE ORDINANCE IS VERY CLEAR THAT THE MONEY THAT IS

15   COLLECTED FROM THE FEE WILL GO DIRECTLY TO FUND THE PROGRAMS OF

16   THE NONPROFIT THAT ARE IDENTIFIED IN THE ORDINANCE AND

17   EFFECTUATE THE PURPOSES THAT THE NONPROFIT SEEKS TO ACCOMPLISH.

18             THE COURT:  SO MR. COLUMBO MAKES AN ARGUMENT THAT I

19   THOUGHT WAS STRONG, THAT YOU JUST CAN'T GET AROUND THE TAXING

20   REQUIREMENT BY SIMPLY DIRECTING WHERE THE MONEY IS TO BE SPENT

21   TO KEEP IT OUT OF THE CITY COFFERS.

22        I'M INCLINED TO LET THIS BE DEVELOPED AND FOR ME TO SEE

23   EXACTLY WHAT THAT NONPROFIT IS.  I BECOME A LITTLE CONCERNED

24   WHEN IT'S POSSIBLE THAT THE CITY, ITSELF, WILL GIVE BIRTH TO

25   THE NONPROFIT AS OPPOSED TO RECEIVING GRANT -- RECEIVING

1    PROPOSALS FROM EXISTING NONPROFITS, AND TO THE EXTENT THAT THE

2    NONPROFIT REALLY IS THE CITY IN NONPROFIT CLOTHING, I WOULD BE

3    CONCERNED THAT THAT WOULD NOT BE A WAY OUT.

4         SO THAT ARGUMENT WOULD CAUSE, THAT MR. COLUMBO MADE, WOULD

5    CAUSE ME TO HAVE A MORE DEVELOPED RECORD AND TO SEE WHAT THE

6    REGULATIONS ACTUALLY ARE, TO SEE WHAT THE NONPROFIT IS.  I

7    THINK I NEED TO KNOW WHAT IT IS, NOT JUST IT'S SOMETHING THAT'S

8    CALLED NONPROFIT.

9              MS. PREVOST:  SURE, THAT'S FAIR.

10        AND YOU KNOW, TWO RESPONSES TO THAT.  THE FIRST IS YOU ARE

11   CORRECT, THE NONPROFIT HAS NOT BEEN FULLY -- THE NONPROFIT

12   REGULATIONS HAVE NOT BEEN FLESHED OUT, MEANING THE NONPROFIT IS

13   NOT IDENTIFIED, THAT IS STILL AN ONGOING PROCESS AT THE CITY.

14   SO THAT IS CORRECT.

15        BUT THIS ARGUMENT ON OUR MOTION WAS ALSO PLED IN THE

16   ALTERNATIVE, MEANING THAT THE SCHMEER CASE, THAT I THINK WE ARE

17   IMPLICITLY DISCUSSING RIGHT NOW, IS ONE SORT OF BASIS BY WHICH

18   WE -- THAT WE DO BELIEVE ORDINANCE STANDS WITH PROPOSITION 26

19   MEANING, WHICH SCHMEER SAYS, IS THAT, YOU KNOW, WHEN THE MONEY

20   DOESN'T GO DIRECTLY TO THE GOVERNMENT, THEN IT WON'T FALL UNDER

21   PROPOSITION 26 AS MANDATES.

22        BUT THERE'S ALSO A SPECIFIC BENEFIT EXCEPTION WHICH WE

23   ALSO DISCUSS A LITTLE BIT IN THE PAPERS, AND OUR MOTION REALLY

24   BRINGS THOSE TWO ARGUMENTS IN THE ALTERNATIVE.  AND THE

25   ORDINANCE SECTION 1032.220, IS CLEAR THAT THE FEE GOES TO GUN

1     OWNERS, THEIR FAMILIES, CITY RESIDENTS, WHO ARE GUN OWNERS AND

2     THEIR FAMILIES, RIGHT, AND SO THAT IS ANOTHER BASIS.

3          BUT I UNDERSTAND THE COURT'S COMMENTS ABOUT THE LACK OF

4     DEVELOPMENT, FACTUAL DEVELOPMENT ON THIS ISSUE.

5          THE COURT:  I THINK THE SCHMEER CASE PROBABLY APPLIES

6     VERY NEATLY TO THE INSURANCE ASPECT.  AND IT MAY BE THAT I NOT

7     GRANT THE MOTION TO DISMISS AS TO INSURANCE, BUT -- UNDER

8     SCHMEER, AND DENY IT AS TO THE FEE, AND THEN WE WOULD GO

9     FORWARD.

10         SO THAT'S -- THAT'S WHERE I -- THAT MAY BE THE PROPER

11    DIVISION HERE.

12         MS. PREVOST:  CERTAINLY, YOUR HONOR.

13         WELL, LET ME TRY AND ADDRESS THE OTHER ISSUES YOU RAISED

14    EARLIER, IF THAT MAKES SENSE.

15         THE COURT:  PLEASE, YES.

16         MS. PREVOST:  SO THE CITY CHARTER, SIMILARLY, I

17    UNDERSTAND THE COURT'S, I WOULDN'T CALL IT CONCERN, COMMENTS

18    ABOUT THE LESS THAN CLEAR NATURE OF THE CITY MANAGER'S FUNCTION

19    IN TERMS OF THE DELEGATION OF AUTHORITY BETWEEN THE CITY

20    COUNSEL AND THE CITY MANAGER'S OFFICE.

21         THERE ARE SEPARATE GROUNDS, THOUGH, THAT THE PLAINTIFFS

22    BRING THIS CLAIM, THE CITY CHARTER CLAIM UNDER.  THERE'S

23    SECTION 1211 OF THE CITY CHARTER THAT MAY MOVE UNDER,

24    SECTION 1207, AND SECTION 701.

25         AND ON THE FIRST TWO -- ESSENTIALLY WHAT I'M TRYING TO

1    SUMMARIZE, WHAT THE PLAINTIFFS CLAIM ARE, BUT THERE'S THREE

2    BASIC ARGUMENTS, RIGHT.  THE FIRST IS THE CLAIM WITH RESPECT TO

3    THE MONEY PAID INTO THE CITY TREASURY, AND THAT THE MONEY WILL

4    BE -- REVENUES AND RECEIPTS WILL GO INTO THE GENERAL FUND.  AND

5    THAT, I THINK, IS AN ISSUE THAT CAN BE RESOLVED ON THE

6    COMPLAINT ON THE PLEADINGS.

7         SIMILARLY, WITH SECTION 1207, DELEGATING TO THE CITY

8    COUNSEL AUTHORITY TO APPROPRIATE MONIES FOR OPERATION OF

9    DEPARTMENTS WITHIN THE CITY.  NONE OF THIS MONEY, THE FEE, THE

10   MONEY FROM THE NONPROFIT FEE OR THE MONEY THAT WILL BE PAID BY

11   GUN OWNERS TO THEIR INSURANCE COMPANIES, IS GOING INTO THE

12   CITY'S GENERAL FUND OR FOR CITY SPENDING OR SHOULD BE

13   CONSIDERED REVENUE.  IT JUST ISN'T REVENUE.

14        SO I THINK THAT THOSE TWO ASPECTS OF THIS CAUSE OF ACTION

15   CAN BE DECIDED BY THE COURT ON THE PAPERS.

16        SECTION 701, AND I UNDERSTAND FROM THE COURT'S ORDER

17   YESTERDAY THAT THERE MAY BE SOME ADDITIONAL FACT DEVELOPMENT

18   THAT NEEDS TO OCCUR THERE, BUT AGAIN, THE ORDINANCE IS CLEAR IN

19   TERMS OF HOW IT INTERACTS WITH THE CITY AND WHAT IT EXPECTS THE

20   CITY MANAGER TO DO.  THE CITY CHARTER IS CERTAINLY VERY CLEAR.

21   AND SO THAT WOULD BE OUR REQUEST IS THAT THE COURT REVIEW THIS

22   CLAIM IN SEPARATE PARTS.

23        THE COURT:  SO I GUESS MY CONCERN, AND I'M NOT

24    INCLINED TO HAVE THE PLAINTIFFS AMEND ON THIS, BUT AS TO

25    SECTIONS 1211 AND 1207, I STILL THINK I NEED TO SEE EXACTLY

1     WHAT THE ORDINANCE IS DOING SO THAT I CAN DETERMINE WHETHER THE

2     LANGUAGE IS MERELY A RUSE TO GET AROUND THE CITY MONEY TO THE

3     CITY TREASURY AS MR. COLUMBO MAY CLAIM THAT IT IS, OR THAT IT

4     IS TRULY A PROPER PROVISIONAL REQUIREMENT THAT DOES NOT INVOKE

5     THE SECTIONS OF THE CHARTER.

6          I THINK I NEED A FACTUAL RECORD ON THIS, I DON'T THINK

7     IT'S A LEGAL ISSUE.

8               MS. PREVOST:  I AGREE.  THAT IS WHY OUR VIEW IS THAT

9     THIS IS AN IMPROPER FACIAL CHALLENGE, THAT THE APPROPRIATE WAY

10    TO CHALLENGE THE CITY CHARTER, UNDER THESE CIRCUMSTANCES, IS TO

11    BRING IT AS AN AS-APPLIED CHALLENGE.

12              THE COURT:  WELL, IT MAY BE AN AS-APPLIED CHALLENGE.

13    I'M ACTUALLY SAYING IT COULD BE A FACIAL CHALLENGE ONCE THE

14    REGULATIONS ARE WORKED OUT AND ONCE THE CITY ACTUALLY DEVELOPS

15    THE FEE AND FIND FINE STRUCTURE, WHICH WE DON'T EVEN KNOW ABOUT

16    YET.

17         SO I CERTAINLY UNDERSTAND THAT THERE'S A WHOLE OTHER BODY

18    OF CLAIMS THAT THE PLAINTIFF MAY BRING ON AS-APPLIED, BUT IT

19    HASN'T BEEN APPLIED YET, SO THEY CAN'T BRING THOSE YET.  THAT'S

20    NOT MY CONCERN AT THIS STAGE.

21              MS. PREVOST:  SURE.  I UNDERSTAND, YOUR HONOR.  THAT

22    MAKES SENSE.

23              THE COURT:  OKAY.

24         AND ON THE DEC RELIEF, I THINK REALLY, I MEAN, I THINK

25    THERE'S NOT -- I APPRECIATE YOUR ARGUMENT, I THINK YOU RAISE

1    CORRECT POINTS, I JUST THINK I'M NOT GOING TO SPLIT THE HAIRS

2    ON THAT RIGHT NOW.

3              MS. PREVOST:  I AGREE, YOUR HONOR.

4        IF PLAINTIFFS ARE GOING TO BE AMENDING THEIR COMPLAINT,

5    THAT MAKES SENSE.

6              THE COURT:  ALL RIGHT.  THANK YOU.

7         MR. COLUMBO, LET ME TURN TO YOU FOR YOUR COMMENTS.

8              MR. COLUMBO:  THANK YOU, YOUR HONOR.

9         WHEN YOU FINISHED YOUR TENTATIVE RULING, I THOUGHT MAYBE I

10   WOULD GET OUT OF HERE QUICKLY, BUT I THINK WE'VE ACTUALLY GOT A

11   FEW THINGS TO ADDRESS.

12        ONE THING THAT, IN LISTENING TO THE CITY'S ARGUMENTS, I

13   THINK THERE'S GOING TO BE A THEME THAT HAS JUST DEVELOPED

14   THROUGHOUT OUR RESPONSE TODAY, AND THAT IS, THIS THING THAT WE

15   ARE CALLING A FEE, THE GUN HARM REDUCTION FEE, CALLING IT THAT

16   IS MISLEADING AND CONFUSING WHEN, IN THE SAME CONVERSATION, WE

17   ARE ALSO LOOKING BACK TO PRECEDENT, THAT ADJUDICATES THE

18   CONSTITUTIONALITY OR LEGALITY OF CITY FEES.

19        WHEN THE COURTS HAVE EVALUATED CITY FEES, THEY ARE VERY

20   MUCH TALKING ABOUT MONEY PAID TO A CITY DIRECTLY FOR ITS

21   ADMINISTRATIVE COSTS IN DIRECTING SOME GOVERNMENT ACTIVITY OR

22   FUNCTION.  THAT'S NOT WHAT THIS ORDINANCE DOES.  IT IS A

23   COMPELLED DONATION TO A NONPROFIT.

24        SO TO THE EXTENT THAT WE ARE RELYING ON PAST CASES THAT

25   ADDRESS THE LEGALITY OF THINGS CALLED FEES, THAT'S NOT REALLY

1    WHAT WE ARE TALKING ABOUT HERE, THIS IS A MANDATORY DONATION

2    WHICH IS EXPLORED IN OUR FIRST AMENDMENT ARGUMENTS.

3              THE COURT:  WHICH I'M GOING TO PUT ON THE SHELF FOR A

4    WHILE.

5              MR. COLUMBO:  SO ONE THING I ALSO WANT TO NOTE IS IN

6    THE COURT'S ORDER YESTERDAY DENYING THE MOTION FOR PRELIMINARY

7    INJUNCTION, AND GRANTED THAT WAS IN A DIFFERENT CONTEXT, IT WAS

8    TO DECIDE THE PROBABILITY OF SUCCESS OF THE MERITS IN THE

9    FUTURE; HOWEVER, IN THE COURT'S DISCUSSION, I BELIEVE THE CITY

10   CHARTER PROVISIONS, THE COURT HAD TO MAKE A DECISION AS TO

11   WHETHER THIS NONPROFIT ENTITY, BASED ON THE INFORMATION WE HAVE

12   SO FAR, WAS A CITY ENTITY OR WHETHER IT WAS CONDUCTING A CITY

13   ACTIVITY.

14        AND FOR THE PURPOSE OF YESTERDAY'S RULING, THE COURT CAME

15   DOWN ON THE SIDE OF THIS MANDATORY DONATION NOT GOING -- SORRY,

16   GOING TO AN ENTITY THAT IS NOT THE CITY ENTITY THAT IS NOT

17   PERFORMING A CITY ACTIVITY.

18        AND THAT'S A CHOICE TO MAKE, BECAUSE HAVING MADE THAT

19   CHOICE, IT INFLUENCES BOTH THE FIRST AND SECOND AMENDMENT

20   ANALYSIS, IN TERMS OF WHAT WE ARE EVEN TALKING ABOUT.

21        HAD THE COURT GONE THE OTHER WAY AND DETERMINED THAT THE

22   MANDATORY DONATION WAS IN FACT TO A CITY ENTITY TO PAY FOR A

23   CITY ACTIVITY, THAT WOULD LEAD TO, I THINK, DIFFERENT RESULTS,

24   OR A LEAST A DIFFERENT ANALYSIS IN THE FIRST AND SECOND

25   AMENDMENT.

1    SO I ONLY PREFACE THAT BECAUSE I THINK THE DISTINCTION

2    BETWEEN CITY ENTITY OR CITY ACTIVITY OR PRIVATE INDEPENDENT

3    NONPROFIT, ACTUALLY BECOMES QUITE A LYNCHPIN FOR THE REST OF

4    THE ANALYSIS.

5         THE COURT:  SO MR. COLUMBO, I AGREE, AND I ACTUALLY

6    STRUGGLED WITH THAT IN DEVELOPING MY ORDER ON THE CHARTER.

7    I DECIDED AT THIS EARLY STAGE TO EVALUATE THE FEE AND WHAT

8    I THOUGHT THE CITY INTENDED IT TO BE.  THAT MAY TURN OUT TO BE

9    INCORRECT, AS I SAY, I CREDITED YOUR ARGUMENT HERE ABOUT THE --

10   AND YOUR ARGUMENT MAY NOT ULTIMATELY PAN OUT, BUT I DO THINK

11   IT'S AN IMPORTANT ISSUE, I AGREE WITH YOU COMPLETELY.

12   BUT WHAT I NOTED IN EVALUATING WHAT THE FEE IS, WHERE IT

13   GOES AND HOW IT'S SPENT, IS THAT I ACTUALLY THINK IN DEVELOPING

14   THIS PART OF THE ORDINANCE, THE CITY WAS TRYING TO THREAD A

15   VERY FINE NEEDLE, BECAUSE THEY MAY FIND THEMSELVES, IF THEY GET

16   THEMSELVES THROUGH ONE PLACE, THEY MAY END UP IN ANOTHER.

17   SO IT'S OUT OF THE FRYING PAN, INTO THE FIRE, IF I'M GOING

18   TO KEEP USING ANALOGIES.  AND SO YOU ALMOST ARE IN A WAIT AND

19   SEE WHERE THEY END UP, AND WE ALL ARE IN A WAIT AND SEE.

20   AND I CAME VERY CLOSE TO SAYING, THE FEE ISSUE UNDER THE

21   CHARTER WASN'T RIPE, AND ULTIMATELY I DIDN'T MAKE THAT

22   DETERMINATION IN THE PRELIMINARY INJUNCTION, I -- I STILL

23   STRUGGLE WITH IT, BECAUSE I'M NOT SURE WHAT WE CAN DO ON THE

24   FEE ISSUE UNDER THE CHARTER.  AND IT MAY BE THE WISER THING TO

25   SIMPLY SAY, IT'S NOT RIPE, BECAUSE I CAN'T EVALUATE YOUR

1    IMPORTANT ARGUMENT UNTIL I KNOW WHAT THE FEE IS.

2          MR. COLUMBO:  YES, YOUR HONOR.

3          THE COURT:  SO IF THOSE ARE YOUR OPTIONS,

4    MR. COLUMBO, WOULD IT BE LESS BAD FOR YOU TO -- FOR ME TO SAY

5    THAT THE CHARTER ISSUE FOR THE FEE IS SIMPLY NOT RIPE AND JUST

6    TAKE IT OFF THE TABLE FOR NOW?

7          MR. COLUMBO:  WELL, PART OF MY CONCERN HERE IS THAT,

8    ALTHOUGH WE DID HAVE A RATHER SUBSTANTIVE DECISION, QUASI

9    SUBSTANTIVE DECISION ALREADY, WE ARE STILL AT THE MOTION TO

10   DISMISS STAGE.

11         THE COURT:  SURE.

12         MR. COLUMBO:  AND WE ARE STILL EVALUATING IT UNDER

13   THE STANDARD PARADIGM OF A 12(B)(6).

14         THE COURT:  SURE.

15         MR. COLUMBO:  SO, IN OUR VIEW, THERE ARE MATERIAL

16   FACTUAL QUESTIONS.  THE NATURE OF THE CLAIM HAS BEEN FRAMED

17   ADEQUATELY FOR THE COURT AND THE DEFENDANT.  AND IN THAT SENSE,

18   THE 12(B)(6), AS TO THAT QUESTION, SHOULD BE DENIED BECAUSE

19   DISCOVERY MAY SHED LIGHT ON THE EXTENT TO WHICH DECISIONS,

20   PERHAPS, HAVE BEEN MADE, IF NOT PUBLISHED, BUT I CAN ADDRESS

21   THAT IN A MORE STRUCTURED WAY IN A MOMENT, IF YOU WILL ALLOW ME

22   TO RUN THROUGH THE CITY --

23         THE COURT:  SURE, OKAY.

24         MR. COLUMBO:  SO AS NOTED IN OUR PLEADINGS, THE CITY

25   ANNOUNCED THAT IT WOULD BE ENACTING THIS ORDINANCE, AND IT

1    ENACTED THE ORDINANCE SIX MONTHS AGO, STATING THAT IT WOULD

2    TAKE EFFECT THREE DAYS FROM, NOW AFTER THE CITY MANAGER

3    PREPARED TO IMPLEMENT IT.

4        THE COURT IS PROPOSING HOLDING THAT THE MANDATORY

5    NONPROFIT DONATION IS NOT SUBJECT TO REVIEW BECAUSE IT'S

6    UNRIPE, BUT THIS IS BASED ON THE FACT THAT THE CITY MANAGER HAS

7    NOT IMPLEMENTED THE ORDINANCE.

8            THE COURT:  WELL, THE CITY COUNCIL HASN'T SET THE FEE

9    EITHER.  REMEMBER THE COUNCIL HAS A ROLE HERE AS WELL.

10           MR. COLUMBO:  YES.

11           THE COURT:  THE MANAGER DOESN'T SET THE FEE.

12           MR. COLUMBO:  RIGHT.  BUT THERE ARE OTHER ASPECTS

13   THAT WE HAVE BEEN DISCUSSING TODAY THAT ARE FULLY WITHIN THE

14   CITY MANAGER'S CONTROL.

15           THE COURT:  YES, I AGREE.

16           MR. COLUMBO:  EXAMPLES INCLUDE, THE HARDSHIP

17   EXCEPTION OR ANNOUNCING THE NONPROFIT WILL RECEIVE THE C OR

18   EXPLAINS THE MEANS AND EXTENT TO WHICH SHE WILL SUPERVISE THE

19   NONPROFIT.

20       IRONICALLY, THE MANAGER'S EXPLANATION FOR NOT CARRYING OUT

21   THESE DUTIES IS THAT WE HAVE THIS PENDING CASE.

22           THE COURT:  WELL, THAT DISTURBED ME WHEN I SAW THAT,

23   BECAUSE ULTIMATELY IF THAT'S THE CITY'S POSITION, THEN THEY

24   AREN'T GOING TO BE ABLE TO ENFORCE THE FEE, WHICH IS YOUR

25   ULTIMATE GOAL.

1    I THINK WE MAY HAVE TOUCHED ON THAT BEFORE, THAT THIS IS

2    NOT A CHICKEN AND EGG PROBLEM, AND THE COURT ISN'T DOING

3    ANYTHING.  THE CITY IS AN INDEPENDENT ACTOR, AND IF IT'S GOING

4    TO WAIT FOR THE COURT, IT HAS NO GUN PROTECTION ORDINANCE.

5    AND AS FAR AS YOUR CLIENTS ARE CONCERNED, NEVER IS TOO

6    SOON FOR THIS TO GO INTO EFFECT.

7    MR. COLUMBO:  YES.

8    SO OUR CONCERN IS THAT, LIKE, FLICKING A LIGHT SWITCH, ONE

9    CITY OFFICIAL HAS NOW DECLARED THE ORDINANCE IS OFF, BUT IF AND

10   WHEN THE COURT DISMISSES THE CASE FOR ANY OTHER REASON, WE CAN

11   FLICK THAT SWITCH BACK ON.

12   AND WE DON'T FEEL THE COURT'S JURISDICTION IS AT THE MERCY

13   OF THE MANAGER FOR THE FOLLOWING REASONS:

14   FIRST, BASED ON WHAT WE KNOW ALREADY, THE ORDINANCE WILL

15   CONDITION LAWFUL GUN OWNERSHIP ON THE MAKING OF A DONATION TO

16   AN INDEPENDENT NONPROFIT.  ACCORDING TO THE REASONING IN THE

17   ORDER YESTERDAY, IT IS NOT A CITY ENTITY, AND IT IS NOT

18   CARRYING OUT A CITY ACTIVITY.

19   THESE ARE THE ESSENTIAL FACTS FOR OUR FEDERAL

20   CONSTITUTIONAL VIOLATIONS COMPELLING GUN OWNERS TO MAKE

21   DONATIONS TO, AND THEREFORE ASSOCIATE WITH AND SUBSIDIZE AN

22   INDEPENDENT NON-GOVERNMENTAL, PRIVATE NONPROFIT ORGANIZATION

23   NOT CONDUCTING CITY ACTIVITIES, WOULD VIOLATE THE FIRST

24   AMENDMENT NO MATTER WHAT THE ORGANIZATION ULTIMATELY

25   COMMUNICATES.

1      THE FIRST AMENDMENT DOESN'T STOP WITH POLITICAL SPEECH,

2  AND SO THE CITY'S PROMISE TO INSTRUCT THE NONPROFIT TO AVOID

3  SOME POLITICAL SPEECH IS NOT DISPOSITIVE.  THE FIRST AMENDMENT

4  ALSO PROTECTS AGAINST FORCED ASSOCIATION.

5      THEREFORE, WE THINK THERE ARE NO MATERIAL, FACTUAL,

6  UNKNOWN -- SORRY, THERE ARE NO MATERIAL UNKNOWN FACTS AS TO THE

7  FIRST AMENDMENT CLAIM.  FOOTNOTE TWO IN THE COURT'S ORDER

8  YESTERDAY PROVIDED SOUND ADVICE TO THE CITY, WHICH WE THINK IS

9  ONLY POSSIBLE BECAUSE WE HAVE ENOUGH INFORMATION FOR THAT CLAIM

10  TO BE RIPE.

11      THE COURT:  WELL, I JUST WANT TO BE CLEAR THAT THAT

12  FOOTNOTE IS PICKING UP ON YOUR ARGUMENTS AND NOT MY DECISION,

13  AND I THINK I WORDED IT THAT WAY.

14      AGAIN, I ALWAYS DO TRY TO CREDIT EITHER COUNSEL WITH

15  IMPORTANT POINTS THAT HAVE BEEN RAISED, AND I HAVE CREDITED YOU

16  NOW TWICE.  BUT IT DOESN'T MEAN THAT YOU WILL ULTIMATELY

17  PREVAIL, I JUST THINK THAT THE CITY, AND I THINK MS. PREVOST

18  WAS VERY CANDID LAST WEEK IN ACKNOWLEDGING THAT THIS -- WHAT IS

19  DEVELOPED IN THIS LAWSUIT INFORMS THE CITY IN THEIR

20  DECISIONMAKING AS THEY GO FORWARD.

21      AND I APPRECIATE THAT, AND I THINK THAT THAT IS WHERE THE

22  LAWSUIT AND THE CITY FUNCTIONS DO HAVE A SYMBIOTIC

23  RELATIONSHIP.

24      MR. COLUMBO, I JUST THINK THAT YOU HAVE -- I HAVE TO

25  OPERATE AT SUCH SAY HIGH LEVEL OF ABSTRACTION UNDER THE FIRST

1    AMENDMENT CLAIM FOR THE FEE, BASED ON WHAT IS WRITTEN SO FAR,

2    TO MAKE SUCH BROAD STATEMENTS UNDER THE CONSTITUTION THAT

3    THERE'S NEVER ANY FEE TO ANY ORGANIZATION, I'M JUST -- I JUST

4    DON'T THINK I CAN BE FLOATING OUT THERE.  IF IT WAS ANOTHER

5    AMENDMENT TO THE CONSTITUTION AND I WAS MAKING THOSE BROAD

6    STATEMENTS, YOU WOULD CALL ME AN ACTIVIST JUDGE.

7              MR. COLUMBO:  NOT ME.

8              THE COURT:  RIGHT.  SO I'M NOT -- I JUST DON'T THINK

9    THAT WE CAN DO THAT.

10        I ALSO THINK THAT WITH THE LAWSUIT GOING FORWARD AND

11   DISMISSING ONLY THE FIRST AMENDMENT CLAIM AND MAYBE THE CHARTER

12   CLAIM, YOU CAN ALWAYS, IN AN INSTANT, UPON THE CITY'S ENACTMENT

13   OF THESE OPEN ISSUES, BRING BACK THE CLAIM, A MOTION FOR LEAVE

14   TO AMEND CLAIM AND A TRO ON THOSE ISSUES.

15        AND SO I DON'T THINK I AM IMPERILING YOUR CLIENT'S

16   ULTIMATE RIGHTS, I'M NOT MAKING THEM VIOLATE THE LAW BEFORE

17   THEY CAN SEEK TO HAVE IT THROWN OUT, WHICH I THINK YOU'VE

18   RAISED THAT POINT AS WELL.  I JUST DON'T THINK THAT'S ON THE

19   TABLE.

20             MR. COLUMBO:  IT SOUNDS LIKE OUR ONLY POINT OF

21   DISAGREEMENT THEN, PERHAPS, IS ON THE SWEEP OF JANUS, IN WHICH

22   OUR VIEW, IF UNION DONATIONS TO, FOR COLLECTIVE BARGAINING, ARE

23   IMPERMISSIBLE UNDER THE FIRST AMENDMENT, THEN DONATIONS TO AN

24   INDEPENDENT NONPROFIT, FOR WHATEVER IT DOES, ARE AS WELL.

25             THE COURT:  BUT IN JANUS, AND FOR THE COURT REPORTER,

1    J-A-N-U-S, IN JANUS WE KNEW THE UNION, WE KNEW WHAT IT WAS, WE

2    KNEW WHAT THE CONTRACT WAS, WE KNEW WHAT THE COLLECTIVE

3    BARGAINING ACTIVITIES OF THE UNION WERE, IT WAS ALL FLESHED

4    OUT.  AS OPPOSED TO, IF THERE WAS EVER A UNION THAT MIGHT COME

5    IN, AND WE WILL SEE WHAT IT LOOKS LIKE, AND MAYBE IT WILL JUST

6    HOLD THE COMPANY CHRISTMAS PARTY, WHO KNOWS.

7         SO I DON'T THINK JANUS TAKES US THERE EITHER.

8              MR. COLUMBO:  SO JUST LOOKING AT SOME OF THE OTHER

9    ISSUES THAT HAVE BEEN RAISED, AND I WILL JUST SAY COLLOQUIALLY,

10   TO THE EXTENT THAT ANY OF THESE ISSUES TURN UPON FACTS THAT CAN

11   BE DEVELOPED IN DISCOVERY, WE WOULD SUGGEST THAT A 12(B)(6) IS

12   NOT WARRANTED GLOBALLY.

13        FOR THE SECOND AMENDMENT CLAIM, BRUEN OBVIOUSLY CHANGED

14   THE ANALYSIS.  THE COURT HAS INVITED PLAINTIFFS TO AMEND THE

15   COMPLAINT TO REFLECT THAT.

16             THE COURT:  YES.

17             MR. COLUMBO:  AS DISCUSSED IN OUR SUPPLEMENTAL BRIEF,

18   THE COURT HAS OUR REASONING THERE.

19             THE COURT:  YOU MADE IT IN YOUR PLEADING.

20             MR. COLUMBO:  I WON'T REPEAT IT AT THIS TIME.

21             THE COURT:  YOU KNOW, I REALLY SEE THIS AS AN

22   OPPORTUNITY FOR YOU TO PUT YOUR PLEADING IN THE RIGHT POSTURE.

23        SO I'M JUST NOT GOING TO -- I SEE NO REASON TO EVALUATE

24   MS. PREVOST'S CLAIMS UNDER THE NOW DEFUNCT TWO-PART TEST,

25   INTERMEDIATE AND STRICT SCRUTINY, AND JUST FIND THAT CLAIM ONE

1    SIMPLY DOES NOT TRACK THE CURRENT STANDARD UNDER THE SECOND

2    AMENDMENT, AND HAVE YOU AMEND THAT.

3        I THINK IT'S AN OPPORTUNITY FOR YOU, FRANKLY, NOT A

4    PUNISHMENT.

5            MR. COLUMBO:  AS TO THE INSURANCE REQUIREMENT, WE

6    FEEL THERE IS HISTORICAL SUPPORT FOR THE INSURANCE REQUIREMENT.

7        THE COURT, AND I THINK WE FLESHED THAT ARGUMENT OUT AS

8    WELL IN OUR -- ON OUR SUBMISSIONS TO DATE.  HERE, WE DO FEEL

9    THERE ARE DISTINCTIONS WE HAVE EXPLAINED BETWEEN THE

10   ORDINANCE --

11           THE COURT:  YOU DON'T BEAR THE BURDEN ON THAT.

12       I MEAN, WHEN YOU PLEAD IT, YOU DON'T HAVE TO PLEAD THE

13   HISTORICAL TRADITION, IT'S NOT YOUR BURDEN.

14       I MEAN, YOU CAN -- YOU CAN PLEAD WHATEVER YOU WANT, BUT

15   ULTIMATELY, IT IS -- YOUR BURDEN IS TO SHOW THAT THE CONDUCT IN

16   QUESTION COMES UNDER THE PROTECTION OF THE SECOND AMENDMENT.

17   YOU THEN HAVE THE PROTECTION OF A PRESUMPTION THAT THEN SHIFTS

18   THE BURDEN.

19       AND SO IT'S SUCH A DIFFERENT ANALYSIS.  SO I THINK WE

20   SHOULD JUST MOVE ON FROM THAT.

21       BEFORE WE WRAP UP, I JUST WANT TO REVISIT THE ISSUE ON THE

22   CHARTER, MR. COLUMBO, BECAUSE I'M REALLY STRUGGLING.  IF I

23   LEAVE THE CHARTER PROVISION IN, I STILL DON'T EVEN KNOW WHAT WE

24   ARE GOING TO DO UNTIL WE UNDERSTAND THE NATURE OF THE FEE AND

25   THE NATURE OF ITS EXPENDITURE BY THE NONPROFIT, THE NATURE OF

1       THE CONTROL EXERTED OVER THE EXPENDITURES BY THE CITY MANAGER.

2             AND THAT'S NOT SOMETHING YOU ARE GOING TO LEARN IN

3       DISCOVERY, IT DOESN'T ACTUALLY EXIST.  AND ON AN INTERROGATORY

4       TODAY, AND MS. PREVOST WAS SAYING YOU GOT NOTHING.

5             MR. COLUMBO:  I DO THINK THAT IS A FACTUAL QUESTION.

6       WHERE WE WOULD --

7             THE COURT:  WILL BE.  BUT THE GROUND HASN'T STOPPED

8       SHAKING, IS ALL I'M SAYING.

9             MR. COLUMBO:  RIGHT.

10            THE CITY CHARTER STATES THAT A FUND TO BE KNOWN AS A

11      GENERAL FUND IS CREATED AS A MEDIUM OF CONTROLLED ACCOUNTING

12      FOR ALL CITY ACTIVITIES EXCEPT THOSE WHICH REQUIRE SPECIAL

13      FUNDS.  IF THE WORK OF THE NONPROFIT UNDER THE DICTATE OF THE

14      ORDINANCE AS ENFORCED THROUGH THE SUPERVISION OF THE CITY

15      MANAGER IS A CITY ACTIVITY, THEN HAVING FUNDING FOR THAT CITY

16      ACTIVITY BYPASSED THE GENERAL FUND WOULD VIOLATE THE CHARTER'S

17      REQUIREMENT.

18            THE COURT:  BUT I CAN'T EVALUATE THAT YET BECAUSE I

19      DON'T KNOW WHAT THE ENACTING LEGISLATION SAYS.

20            MR. COLUMBO:  I DON'T KNOW THAT WE ARE GOING TO GET

21      MORE LEGISLATION ON THAT ISSUE, THAT SOUNDS LIKE THAT IS A

22      FACTUAL QUESTION THAT CAN BE DEVELOPED IN DISCOVERY THROUGH THE

23      CITY MANAGER.

24            THE COURT:  OKAY.

25            MR. COLUMBO:  THE CITY DOES HAVE SOME THINGS THAT IT

1    MAY TAKE UP AGAIN, BUT IN TERMS OF THE ORDINANCE ITSELF ON ITS

2    FOUR CORNERS, THE BALL IS IN THE CITY MANAGER'S COURT.  AND THE

3    EXTENT TO WHICH THOSE DECISIONS HAVE BEEN MADE OR ARE ON HOLD,

4    THEY JUST HAVEN'T STARTED THINKING ABOUT IT YET.  I THINK THAT

5    IS A FACTUAL QUESTION THAT SHOULD BE EXPLORED.

6         THE COURT:  I GUESS I DON'T DISAGREE THAT IT

7    ULTIMATELY IS A FACTUAL QUESTION, AND I THINK THIS CLAIM NEEDS

8    TO GO FORWARD AT THE RIGHT TIME, I JUST DON'T KNOW HOW IT CAN

9    GO FORWARD NOW.

10        SO THAT'S WHAT I NEED TO THINK ABOUT.  I NEED TO THINK

11   ABOUT WHETHER I SHOULD PUT THIS ISSUE ON THE FEE UNDER THE

12   CHARTER ARGUMENT AND THE ISSUE UNDER THE FIRST AMENDMENT TO

13   JUST DETERMINE THAT THOSE ARE NOT RIPE AT THIS POINT.

14        I WAS MORE INCLINED TO LET THE CHARTER ISSUE GO FORWARD, I

15   JUST SEE ALL THE PROBLEMS.

16        MR. COLUMBO:  ON THE TAX ARGUMENT, I WILL JUST TAKE A

17   BRIEF STAB.

18        THE COURT:  SURE.

19        MR. COLUMBO:  IN SCHMEER, THE CITY IMPOSED

20   REGULATIONS ON GROCERY STORES REQUIRING THEM TO PROVIDE USABLE

21   BAGS.  THE CITY SAID THE STORES COULD CHARGE CUSTOMERS A FEW

22   CENTS FOR A BAG IN ORDER TO FUND COMPLIANCE WITH THE CITY'S

23   MANDATE IMPOSED ON THEM.  IT DID NOT SAY THAT CITIZENS, OR EVEN

24   ALL STORE CUSTOMERS, MUST DONATE THEIR MONEY TO THE GROCERY

25   STORES, MUCH LESS CONDITION THEIR EXERCISE OF A CONSTITUTIONAL

1      RIGHT ON MAKING SUCH A DONATION TO A PRIVATE ENTITY.

2          SCHMEER'S HOLDING WAS THAT A TAX INCLUDED THE CHARGE FOR

3      THE BENEFIT OF A LOCAL GOVERNMENT.  HERE, THE DONATION GOES TO

4      A NONPROFIT WHO IS EITHER UNDER CONTRACT OR GRANT OR PART OF

5      THE CITY, WHAT HAVE YOU, TO FUND A GOVERNMENT PROGRAM UNDER

6      CREATED BY THE ORDINANCE UNDER THE SUPERVISION, TO SOME EXTENT,

7      OF THE CITY MANAGER TO FULFILL THE CITY'S GOALS.

8          UNLIKE IN SCHMEER, THE NONPROFIT IS NOT AUTHORIZED TO

9      CHARGE THE PUBLIC TO COMPLICATE IT FOR A COST OF COMPLIANCE

10     WITH THE CITY MANDATE.  YOU KNOW, THEREFORE, WE THINK THIS

11     SITUATION TAKES US OUT FROM UNDER SCHMEER.

12              THE COURT:  OKAY.

13              MR. COLUMBO:  AND THE LOOPHOLE AND INCENTIVES THIS

14     WOULD CREATE ARE CONCERNING.  AND TO THE EXTENT THERE ARE

15     FACTUAL QUESTIONS, THEN THE MOTION TO DISMISS SHOULD BE DENIED.

16              THE COURT:  SO OF COURSE, MR. COLUMBO, IF I FIND A

17     CLAIM ISN'T RIPE, I'M NOT RULING AGAINST YOU, WE ARE JUST

18     PUTTING IT -- WE ARE JUST WAITING UNTIL THE CITY DOES ITS JOB.

19     AND IF THEY NEVER ENACT A FEE AMOUNT, A PENALTY AMOUNT AND

20     DESIGNATE A NONPROFIT, THEN YOU WIN.  SO THAT'S NOT A BAD

21     OUTCOME FOR YOU.

22              MR. COLUMBO:  RIGHT.

23              THE COURT:  SO, YOU KNOW, I'M VERY PRACTICAL ABOUT

24     THE WAY I LOOK AT THINGS, BUT I THINK THAT THAT'S REALLY THE

25     WAY I NEED TO ANALYZE IT.

1       SO I APPRECIATE YOUR ARGUMENTS, AND I ACTUALLY THINK WHEN

2   THE CITY FINISHES ITS WORK, THAT YOUR ARGUMENTS UNDER THE

3   CHARTER WILL REQUIRE FACTUAL DEVELOPMENT.  YOU ARE RIGHT.

4       AND IT'S GOING TO BE AN INTERESTING ISSUE AS TO HOW THE

5   STRUCTURE THE CITY ENACTS INTERACTS WITH ITS OBLIGATIONS UNDER

6   ITS CHARTER.

7       OKAY.  MS. PREVOST, LET ME RETURN TO YOU FOR FINAL

8   COMMENTS.

9        MS. PREVOST:  THANK YOU, YOUR HONOR.  I APPRECIATE

10   IT.  I WILL TRY AND KEEP THIS BRIEF.

11       THE CHARACTERIZATION OF THE FEE AS A COMPELLED DONATION IS

12   OBVIOUSLY A FIRST AMENDMENT ARGUMENT.  AND WHETHER CLEARLY

13   THERE ARE WAYS OF LABELING THE FEE ON BOTH SIDES, RIGHT, TO

14   EFFECTUATE ADVOCACY AND FRAME IT IN A WAY THAT'S FAVORABLE TO

15   EITHER SIDE.

16       BUT THE LAW IS WHAT IT IS, AND WHEN IT COMES TO WHETHER

17   THE FEE IS A TAX, OR AS THE PLAINTIFFS CALL IT, A DONATION, I

18   MEAN, THE SIMPLE FACT REMAINS THAT THIS MONEY DOES NOT RAISE

19   REVENUE FOR THE CITY, PERIOD.

20       AND WE CAN -- WE BELABORED SCHMEER AND THE PROP 26

21   ANALYSIS, SO I DON'T WANT TO WASTE THE COURT'S TIME, BUT I

22   THINK WHAT IS IMPORTANT TO UNDERSTAND AND A POINT THAT I THINK

23   NEEDS TO BE MADE, IS THE CITY IS THREADING A NEEDLE, AS THE

24   COURT RECOGNIZES, AND GUN VIOLENCE IS AN EXTREMELY COMPLEX

25   PROBLEM, AND THIS IS CREATIVE LEGISLATION DESIGNED WITH A LOT

1    OF THOUGHT THAT'S WELL-INFORMED THAT, YOU KNOW, TAKES ON THE

2    BENEFIT OF FEEDBACK FROM MULTIPLE DIFFERENT STAKEHOLDERS.  AND

3    THE IDEA THAT THE CITY MANAGER'S OFFICE IS DELAYING

4    INTENTIONALLY, FIRST OF ALL, I'M NOT CLEAR ON HOW THAT IS

5    DETRIMENTAL TO PLAINTIFFS, BECAUSE IT'S DELAYING --

6             THE COURT:  I AGREE.

7             MS. PREVOST:  THE VIOLATION OF THEIR CONSTITUTIONAL

8    RIGHTS.

9        BUT PUTTING THAT ASIDE, I CAN ASSURE YOU THAT THE CITY IS

10   WORKING EXTREMELY HARD.  AND THE COMMENTS IN THE PUBLIC

11   MEMORANDUM, THAT I BELIEVE THE PLAINTIFFS ARE REFERRING TO,

12   ABOUT WAITING FOR LEGISLATION OR WAITING FOR LITIGATION TO END,

13   IT IS NOT THE CASE AT ALL, IN ANY MANNER, THAT THE CITY IS

14   WAITING FOR THIS CASE TO END BEFORE IT MOVES.  I JUST WANT TO

15   MAKE THAT ABSOLUTELY CLEAR.

16            THE COURT:  OKAY.

17            MS. PREVOST:  THE CITY IS WORKING VERY HARD TO

18   DEVELOP REGULATIONS THAT ARE CONSTITUTIONAL AND EFFECTIVE AND

19   DEAL WITH THIS VERY COMPLEX PROBLEM.  SO I WANTED TO MAKE THAT

20   CLEAR.

21       IN TERMS, JUST BRIEFLY, I DON'T BELIEVE THAT THE FIRST

22   AMENDMENT IS SQUARELY ON THE TABLE AS PART OF THIS ARGUMENT

23   BECAUSE OF HOW UNRIPE WE BELIEVE IT IS, BUT YOU KNOW, OUR VIEW

24   IS THAT WHERE THE NONPROFIT FEE SITS IN BETWEEN THE TWO ENDS OF

25   THE SPECTRUM OF UNDER KELLER, RIGHT, WHETHER IT'S GERMANE TO

1    THE CITY'S GOALS OR IDEOLOGICAL IN NATURE, WHERE THE NONPROFIT

2    FEE SITS IN TERMS OF THE PROGRAMS THAT IT FUNDS AND THIS

3    POSSIBLE ASSOCIATION, THAT IT COULD BE ADHERED TO, THAT IS AN

4    UNDERDEVELOPED QUESTION AT THIS POINT, AND NOT CLEAR, AS THE

5    COURT POINTED OUT IN ITS ORDER YESTERDAY.

6         SO I THINK THE COURT IS CORRECT THAT THAT IS -- THAT ISSUE

7    IS NOT FACTUALLY DEVELOPED OR RIPE YET.  BUT NONETHELESS, WE

8    BELIEVE THAT KELLER IS -- PROVIDES THE CITY WITH THE SUPPORT

9    FOR WHAT IT ULTIMATELY WILL ENACT.

10        THE COURT:  OKAY.  ALL RIGHT.

11        LET ME FINISH UP WITH JUST SOME MORE HOUSEKEEPING THINGS.

12        FIRST OF ALL, I WAS SURPRISED IN THE SUPPLEMENTAL BRIEFS,

13   WHICH OF COURSE ONLY CAME ABOUT BECAUSE I ASKED FOR THEM, TO

14   LEARN THAT THE CITY HAD POSTPONED ENACTMENT OF THE ORDINANCE.

15        I DON'T WANT TO BE SURPRISED AGAIN, SO MS. PREVOST, I WILL

16   ASK THAT SHOULD THERE BE ANY PROMULGATION OF CITY MANAGER

17   REGULATIONS OR ANY MODIFICATION OF THE ORDINANCE BY THE CITY

18   COUNCIL, THAT YOU INFORM THE COURT AND PROVIDE ME A COPY OF IT

19   WITHIN TEN DAYS OF THAT ENACTMENT.

20        MS. PREVOST:  YES, YOUR HONOR.

21        THE COURT:  I WOULD JUST APPRECIATE THAT, IT HELPS

22   ME.

23        I ALSO HAVE PENDING A MOTION, MY OWN SUA SPONTE MOTION TO

24   CONSOLIDATE THE THREE CASES, THE HOWARD JARVIS CASE AND THE

25   GLASS CASE WITH THIS ONE.

1    LET ME JUST TELL YOU MY THINKING ON IT.  I CERTAINLY

2    WANTED TO HONOR THIS PLAINTIFF'S RIGHT TO HAVE ITS PRELIMINARY

3    INJUNCTION HEARD AND DECIDED BEFORE I LOOKED AT THE

4    CONSOLIDATION.  I AM INCLINED TO CONSOLIDATE THE CASES, BUT

5    ALLOW THREE SEPARATE COMPLAINTS TO GO FORWARD, AND THEN I WILL

6    CONSOLIDATE BRIEFING ON ISSUES FOR EFFICIENCY.

7    BUT IN LOOKING AT THE DIFFERENT MISSION STATEMENTS, AS I

8    IMAGINE THEM, THAT I CAN SEE THROUGH THE PLEADINGS OF THE THREE

9    DIFFERENT PLAINTIFFS, I'M NOT SURE IT WOULD BE A HAPPY MARRIAGE

10   TO MAKE THEM SHARE A SINGLE PLEADING, AND I DON'T WANT TO BOG

11   THOSE PLAINTIFFS DOWN WITH HAVING TO DO THAT.  BUT I'M NOT

12   GOING TO HEAR THREE SEPARATELY BRIEFED MOTIONS ON THE SECOND

13   AMENDMENT AND THE FIRST AMENDMENT.  THESE ISSUES ARE COMPLETELY

14   OVERLAPPING, AND SO I WILL BE DEVELOPING THAT.

15   SO IN TERMS OF -- AND I HAVE TWO OTHER MOTIONS TO DISMISS

16   COMING UP, I WILL LET THE OTHER PARTIES KNOW MY THINKING.  IN

17   TERMS OF THIS MOTION TO DISMISS AND THE OTHER TWO THAT ARE

18   COMING UP, I WILL ULTIMATELY ISSUE A SINGLE ORDER COVERING ALL

19   OF THEM, AND IF I HAVEN'T -- AND I WILL PROBABLY ISSUE THE

20   CONSOLIDATION ORDER IN ADVANCE SO THAT ALL THE FILING WILL BE

21   DONE IN ONE CASE.  AND IT'S PROBABLY THIS ONE, MR. COLUMBO,

22   BECAUSE YOU WERE THE FIRST TO FILE.

23   BUT I WILL ALLOW THE SEPARATE PLEADINGS, JUST TO GIVE EACH

24   OF THE PLAINTIFF GROUPS THE OPPORTUNITY TO KEEP THEIR OWN

25   IDENTITY.

1    I'M GOING TO HAVE YOUR DEADLINE TO AMEND TO BE A CERTAIN

2    NUMBER OF DAYS AFTER THE ISSUANCE OF THIS FINAL ORDER, WHICH

3    WILL COVER ALL THREE.

4        AND SO MR. COLUMBO, WITH ALL OF THAT IN MIND, FROM THE

5    TIME I ISSUE MY ORDER, HOW MUCH TIME WOULD YOU LIKE FOR YOUR

6    AMENDMENT?  I DON'T SEE A REASON TO RUSH THIS AT THIS POINT.

7            MR. COLUMBO:  I THINK WE CAN DO THAT IN 14 DAYS.

8            THE COURT:  OH, THAT'S MODEST.  YES, THAT'S FINE.

9            MR. COLUMBO:  I THINK WE HAVE ALREADY BRIEFED IT.

10           THE COURT:  I KNOW YOU HAVE.  I KNOW.  EXACTLY.

11       OKAY.  SO THAT TIME PERIOD WON'T START TO RUN UNTIL YOU

12   GET A WRITTEN ORDER, SO THAT GIVES YOU A LOT OF LEAD TIME AS

13   WELL.

14       I KNOW IT'S BETTER TO WAIT TO DRAFT IT UNTIL YOU ACTUALLY

15   SEE WHAT MY RULING IS, AS OPPOSED TO VAGARIES.  IT WILL BE A

16   FAIRLY HIGH LEVEL ORDER, BECAUSE AGAIN, YOU'VE ALREADY BRIEFED

17   IT, I'VE ALREADY READ IT, I'VE ALREADY WRITTEN ABOUT IT, I

18   THINK WE HAVE HAD A FULSOME DISCUSSION HERE ON THE RECORD, AND

19   I'M GOING TO GO THROUGH CLAIM-BY-CLAIM, MUCH THE WAY I DID

20   HERE.

21           MR. COLUMBO:  I'M SORRY, YOUR HONOR, ON REFLECTION,

22   WOULD THE COURT MIND IF WE ASK FOR 30 DAYS TO ABSORB THE THREE

23   CASES?

24           THE COURT:  I DON'T MIND AT ALL, AND I THINK THAT'S

25   REASONABLE.  I ALWAYS ASK AND LAWYERS ARE ALWAYS MODEST.  SO

1    THAT'S FINE.

2         OKAY.  I THINK THAT TAKES CARE OF EVERYTHING.  AND WE WILL

3    JUST PROCEED.  SO THANK YOU ALL FOR THE ARGUMENT TODAY AND THE

4    BRIEFING, IT WAS QUITE GOOD.

5         ALL RIGHT.  THANK YOU ALL.

6         (THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                    **<u>CERTIFICATE OF REPORTER</u>**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9     REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12    CERTIFY:

13              THAT THE FOREGOING TRANSCRIPT,

14    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18    TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24    _____

25    SUMMER A. FISHER, CSR, CRR
      CERTIFICATE NUMBER 13185          DATED: 8/16/22