JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
TAMARAH P. PREVOST (SBN 313422)
tprevost@cpmlegal.com
ANDREW F. KIRTLEY (SBN 328023)
akirtley@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Defendants the City of San Jose, et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.**, a non-profit corporation, and **MARK SIKES**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE**, a public entity, **JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL**,<br><br>Defendants. | Case No. 5:22-cv-00501-BLF<br><br>**DEFENDANTS' OPPOSITION TO HJTA'S MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT**<br><br>Date:    N/A<br>Time:    N/A<br>Judge:   Hon. Beth Labson Freeman<br>Dept.:   San Jose Courthouse, Courtroom 3 (5th Floor) |
| **HOWARD JARVIS TAXPAYERS ASSOCIATION**, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, James Barry, and George Arrington,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE**, and all persons interested in the matter of San Jose Ordinance No. 30716, establishing an Annual Gun Harm Reduction Fee,<br><br>Defendants. | Case No. 5:22-cv-02365-BLF |

## I. INTRODUCTION

Defendants City of San Jose, et al. (the "City") hereby opposes the Motion to Extend Time for Filing Amended Complaint (ECF No. 90) ("Motion") filed on Friday, January 27, 2023, by plaintiffs Howard Jarvis Tax Association, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, James Barry, and George Arrington (collectively, "HJTA").

HJTA does not appear to have consulted or coordinated with the other Plaintiffs in this consolidated action—namely, plaintiffs National Association for Gun Rights, Inc., and Mark Sikes (collectively, "NAGR")—in seeking an extension of time to file an amended consolidated complaint, and NAGR has not joined in the Motion. Granting HJTA's Motion, which seeks separate and special treatment from NAGR in the filing of the operative complaint, would undo the consolidation order in this case and prejudice the City. The Motion should be denied.

## II. PROCEDURAL AND FACTUAL BACKGROUND

In this consolidated action, Plaintiffs seek to invalidate portions of the City's Gun Harm Reduction Ordinance ("Ordinance") enacted in early 2022. *See* ECF No. 80 at 2:11–13.

On **September 30, 2022**, the Court found that there was "significant overlap" in the claims brought by both sets of Plaintiffs, and ordered that the two cases be consolidated "for all purposes." *Id.* at 2:17–19. That same day, the Court largely granted the City's motions to dismiss NAGR and HJTA's respective claims, mostly with leave to amend, for lack of prudential ripeness and other failures to state a claim on which relief can be granted. *See* ECF No. 81. Because most of the claims were dismissed with leave to amend, the Court further ordered that the "NAGR Plaintiffs and HJTA Plaintiffs shall file an amended consolidated complaint by February 2, 2023," noting that "[t]he lengthy time for amendment is granted so that Plaintiffs' claims may become ripe upon the City's enactment of further implementing regulations as contemplated by the Ordinance's express terms." *Id.* at 24:18–22.

On **January 6, 2023**, the City filed its third and most recent Status Report updating the Court and the parties on its effort to implement various aspects of the Ordinance. ECF No. 85. The Status Report noted that while the City had fully implemented the Ordinance's mandate that certain San Jose gun owners obtain liability insurance that covers harm caused by accidental

shootings, the City had encountered unexpected delays in implementing the Ordinance's requirement that covered gun owners pay an annual $25 Gun Harm Reduction Fee ("Fee") to a designated nonprofit organization to fund voluntary services for gun owners and their families. *Id.* at 2:6–3:10. The Status Report noted that the City has not yet designated the nonprofit organization to which the Fee will be paid, the Fee amount is still subject to potential revision by the City Council, enforcement of the Fee requirement has not yet begun, and Fee monies have not yet been used to provide any services. *Id.* at 2:6–3:6.

On **January 10, 2023**, HJTA filed a motion to remand their claims to state court, which the City has opposed. *See* ECF Nos. 86, 89. The City's opposition argued, *inter alia*, that HJTA had no live claims that could be the subject of a proper remand order because the Court had dismissed *all* of HJTA's claims (mostly with leave to amend), and that HJTA had not yet filed an amended complaint—i.e., the yet-to-be-filed amended consolidated complaint that the Court ordered NAGR and HJTA to file by February 2, 2023. *See* ECF No. 89.

On **January 26, 2023** (i.e., three weeks after the City's most recent Status Update was filed, and one week before the Court-ordered deadline to file an amended consolidated complaint), undersigned counsel for the City received the first communication from any plaintiff in this matter about an extension of the Court-ordered February 2, 2023 deadline to file an amended consolidated complaint. Decl. of Tamarah P. Prevost ISO Defs.' Opp'n to the HJTA Pls.' Mot. to Extend Time to File Am. Compl. ¶ 3 ("Prevost Decl.") (ECF No. 91-1). At 11:22 am that morning, HJTA's counsel, Timothy Bittle, emailed Ms. Prevost asking that the City stipulate to an extension of time to file its complaint, until "30 days after the City files a Status Report indicating that a nonprofit has been designated and a firm fee amount set." *Id.* ¶ 4. HJTA demanded a response "by the end of the day," threatening to file a motion and "tell the Court that the City denied our request for a stipulation" absent a response. *Id*. The City's undersigned counsel, who was in a deposition at the time, replied to Mr. Bittle two minutes later as follows: "Tim, It isn't reasonable to expect a response to this within one day. I am in a deposition today. We will respond tomorrow." *Id.* ¶ 5.

The following morning, on **January 27, 2023**, the City's undersigned counsel responded to Mr. Bittle seeking clarification on whether he was seeking the extension "on behalf of just HJTA,

or also the NAGR plaintiffs," given this is a consolidated action. Prevost Decl. ¶ 7. Mr. Bittle responded "HJTA only." *Id.* ¶ 8. Approximately two and a half hours later, HJTA filed its present Motion, before the City could further respond. *Id.* ¶¶ 8–9. At no point prior to the filing of the Motion did the City's undersigned counsel receive any communication from HJTA or NAGR indicating they were communicating with each other regarding the filing of the amended consolidated complaint or the related Court-ordered deadline of February 2, 2023. *Id.* ¶ 10.

A couple of hours after HJTA filed its Motion, at around close of business on Friday, January 27, 2023, counsel for NAGR contacted the City's undersigned counsel via email about a potential stipulation to extend the deadline for plaintiffs to file an amended consolidated complaint. *Id.* ¶ 11. Counsel for NAGR and the City met and conferred telephonically to discuss this issue the next business day (Monday, January 30, 2023), at the conclusion of which NAGR's counsel promised to discuss the matter with his clients and get back to the City's undersigned counsel. *Id.* As of the time of this filing, however, that return communication had not yet occurred. *Id.*

### III.  **ARGUMENT**

The City fully supports the rational management of this litigation, including efforts to minimize unnecessary work by the Court and the parties. The City also agrees that any claim challenging the Fee (at least to the extent similar to the plaintiffs' dismissed claims challenging the Fee) is not presently ripe. *See* ECF No. 85 at 2:6–3:6 (the City informing the Court and parties, by way of a January 6, 2023 Status Report, that the Fee has not been fully implemented).

However, the City opposes any effort to afford the plaintiffs different deadlines to file different amended complaints in this consolidated action. Recall that neither NAGR nor the City opposed consolidation; only HJTA did. *See* ECF No. 80 at 1–2 (Order Consolidating Related Cases). HJTA's present Motion, which asks that the Court treat HJTA and NAGR differently as relates to when they are required to refile their claims challenging the Ordinance, appears to be an attempt to do an end-run around the Court's order consolidating these cases "for all purposes." *Id.* at 2. Allowing the parties to file different complaints, as HJTA requests, is contrary to the Court's consolidation order and would prejudice the City's defense. For these reasons alone, the Motion

1  should be denied.

2  Moreover, HJTA's Motion for an extension (and its pre-Motion request for a stipulated

3  extension) of the deadline for filing an amended consolidated complaint for only HJTA and not all

4  consolidated plaintiffs is perplexing. *See* Prevost Decl. ¶ 8 (Mr. Bittle confirming his request was

5  made on behalf of "HJTA only"); Mot. at 2:7–8 ("Plaintiffs respectfully request that the Court

6  extend this deadline, at least for the Howard Jarvis Taxpayer Plaintiffs in consolidated Case No.

7  22-cv-02365"). Notably, NAGR has not joined in HJTA's request. In fact, NAGR and counsel for

8  the City have been meeting and conferring about this issue, though those discussions are ongoing

9  and have not yet been resolved. Prevost Decl. ¶ 11. Because this is a consolidated matter, it makes

10 no sense for HJTA to seek separate relief on a matter as fundamental as the filing of an amended

11 consolidated complaint (especially without any effort to meet and confer with its co-plaintiffs).

12 Nor should the Court grant such special treatment to HJTA only, given NAGR will likely also re-

13 plead its claims challenging the Fee. It is the consolidated plaintiffs' obligation to coordinate with

14 each other to ensure the expedient prosecution of their claims, and HJTA has disregarded that

15 obligation here. Instead, it waited until one week before plaintiffs' February 2, 2023 deadline to

16 contact the City with an eleventh-hour request for an extension, then filed its Motion less than 24

17 hours later, without any apparent coordination with the NAGR Plaintiffs. This is precisely the sort

18 of uncoordinated litigation that consolidation is supposed to prevent.

19 Additionally, the Motion should be denied for failure to comply with the requirements of

20 the applicable Local Civil Rule. "In this District, motions to enlarge or shorten time are governed

21 by Civil Local Rule 6-3." *Esguerra-Aguilar, Inc. v. Shapes Franchising, LLC*, No. 20-cv-00574-

22 BLF, 2020 WL 8991731, at *1 (N.D. Cal. May 1, 2020). A motion that "does not comply with the

23 requirements of Local Rule 6-3 … may be summarily denied." *Mazzarerro v. United States*, No.

24 C-10-80156-MISC-SBA, 2011 WL 499972, at *3 (N.D. Cal. Feb. 8, 2011) (citing *Grove v. Wells*

25 *Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir.2010)); *accord Warren v. Reid*, No. C 10-3416-

26 SBA, 2010 WL 4694924, at *4 (N.D. Cal. Nov. 8, 2010). As relevant here, Civil Local Rule 6-3

27 requires that the movant make reasonable and good faith "efforts … to obtain a stipulation to the

28 time change" before filing its motion, that that motion "[i]dentif[y] the substantial harm or

prejudice that would occur if the Court did not change the time," and that the motion "describe[] the effect the requested time modification would have on the schedule for the case." N.D. Cal. Civ. L.R. 6-3(a)(2), (3), (6).

Here, HJTA's Motion does not comply with any of these three requirements. First, HJTA's pre-Motion stipulation efforts were insufficient for lack of coordination with its co-plaintiffs, as noted above. Second, the Motion does not mention what "substantial harm or prejudice" (if any) would occur if the Court declines the requested extension. *See Liu v. Terry*, No. 21-cv-01179-JSC, ECF No. 39 at 2 (N.D. Cal. Aug. 4, 2021), *available at* shorturl.at/aiJV7 (denying motion under Local Rule 6-3 because movant failed to sufficiently set forth substantial harm or prejudice); *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586-SC, 2015 WL 846546, at *2 (N.D. Cal. Feb. 25, 2015) (same). For example, there is nothing preventing plaintiffs from filing an amended consolidated complaint on claims they believe are currently ripe by the Court-ordered deadline of February 2, 2023, and later seeking leave to amend their complaint. Third, HJTA argues that its request would have no effect on the case schedule because "a trial date has not been set" (Mot. at 3:10–11), but it is mistaken. The Court has entered a Case Management Order (ECF No. 49) setting a trial date, as well numerous earlier case management deadlines, all of which HJTA's Motion fails to recognize or address.

## IV.  CONCLUSION

The City opposes any effort by HJTA to formally and informally de-consolidate this action, or to permit it to file a separate amended complaint in this case. The Motion is improper and should be denied.

Dated: January 31, 2023

**COTCHETT, PITRE & McCARTHY, LLP**

By:  */s/ Tamarah P. Prevost*
      Joseph W. Cotchett
      Tamarah P. Prevost
      Andrew F. Kirtley

*Attorneys for Defendants City of San Jose, et al.*