# EXHIBIT C



DAVID A. WARRINGTON
DWarrington@DhillonLaw.com

HARMEET DHILLON
Harmeet@DhillonLaw.com

July 14, 2021

**VIA ELECTRONIC AND CERTIFIED MAIL**

San Jose City Council
200 E. Santa Clara St.
San Jose, CA 95113

Mayor Sam Liccardo
mayoremail@sanjoseca.gov

Vice Mayor Charles Jones
District1@sanjoseca.gov

Sergio Jimenez, City Council Dist. 2
District2@sanjoseca.gov

Raul Peralez, City Council Dist. 3
District3@sanjoseca.gov

David Cohen, City Council Dist. 4
District4@sanjoseca.gov

Magdalena Carrasco, City Council Dist. 5
District5@sanjoseca.gov

Devora Davis, City Council Dist. 6
district6@sanjoseca.gov

Maya Esparza, City Council Dist. 7
District7@sanjoseca.gov

Sylvia Arenas, City Council Dist. 8
district8@sanjoseca.gov

Pam Foley, City Council Dist. 9
District9@sanjoseca.gov

Matt Mahan, City Council Dist. 10
District10@sanjoseca.gov

Re:   Ordinance Shifting the Public Burden of Criminal Behavior to Gun Owners
      Your File NO - 21-1579

Dear Mayor and City Council,

This Firm represents the National Foundation for Gun Rights. It has come to our attention that on June 29, 2021, you voted unanimously to have the City Attorney research and draft an ordinance that would impose a mandatory fee on gun owners and require them to buy gun liability insurance. Given that the city's own press release regarding the proposed ordinance, concedes that "criminals won't obey these mandates," the City of San Jose is seeking to impose a tax on a select group of law abiding citizens simply for exercising their right to keep and bear arms.

**DHILLON LAW GROUP INC.**
A CALIFORNIA PROFESSIONAL CORPORATION
177 POST STREET, SUITE 700 | SAN FRANCISCO, CA 94108 | 415.433.1700 | 415.520.6593 (F)

July 14, 2021
Page 2 of 4

The right to keep and bear arms of the citizens of the United States, which includes the City of San Jose, is protected by the Second Amendment to the United States Constitution, that states in pertinent part that, "the right of the people to keep and bear Arms shall not be infringed." The proposed ordinance would be an unconstitutional infringement on that right and we are prepared to litigate to protect the Second Amendment rights of the citizens of San Jose should the City Council enact such an ordinance.

The law on this issue is clear.

The City of San Jose is prohibited from enacting laws that infringe upon the Second Amendment rights of its citizens. *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 790 (2010) (holding that the Second Amendment right is protected against infringement by the individual states through the Fourteenth Amendment); *Nordyke v. King*, 681 F.3d 1041, 1044 (9th Cir. 2012) (holding that the Second Amendment right is "fundamental and is incorporated against state and municipalities" like the City of San Jose).

Further, courts have found that the right to keep and bear arms "implies a corresponding right to obtain the bullets necessary to use them," *Jackson v. City and County of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014). It also protects the right "to acquire and maintain proficiency in their use," *Ezell v. Chicago*, 651 F.3d 684, 704 (7th Cir. 2011). The Second Amendment protects the implicit right to train with weapons. *District of Columbia v. Heller*, 665 U.S. 570, 617-618 (2008). It also protects the implicit right to possess ammunition. *United States v. Miller*, 307 U.S. 174, 180 (1939).

What you propose to do strikes at the very core of this fundamental right and seeks to punish (though registration[1] and taxation) citizens of your city who have committed no crime or offense. This type of government overreach was rejected by our Founders and the Bill of Rights was adopted in direct response to then recent examples of such conduct by the British.

First-hand experience with the British Parliament's 1765 enactment of the Stamp Act led to the protections for the freedoms of Speech and Press found in the First Amendment. Like the tax you propose here, the Stamp Act imposed a direct tax on printed material, resulting in a selective tax imposed on those who desired to read the news or communicate with others via printed material.

Indeed, many of the Bill of Rights' protections that citizens of the United States enjoy are a direct result of the abuses by the British Parliament and Crown in the years leading up to the Declaration of Independence, to wit: the 1774 Massachusetts Government Act – First Amendment Right to Assemble; 1774 The Quartering Act – Third Amendment; and 1774 Administration of

---

[1] In order to implement your proposed taxation scheme, there is no doubt that a gun registration scheme will accompany it.

**DHILLON LAW GROUP INC.**
A CALIFORNIA PROFESSIONAL CORPORATION
177 POST STREET, SUITE 700 | SAN FRANCISCO, CA 94108 | 415.433.1700 | 415.520.6593 (F)

July 14, 2021
Page 3 of 4

Justice Act – Sixth and Seventh Amendment Right to a Jury Trial. Americans enjoy the protections of the Second Amendment today because the British attempted to confiscate the guns and ammunition of the colonist on April 19, 1775, in Concord Massachusetts.

Unfortunately, the City Council of the City of San Jose is not the first government entity that has forgotten the lessons of the Founding and attempted to use a selective tax against a fundamental constitutional right.

In 1936, the United States Supreme Court stopped the State of Louisiana from imposing a selective tax on newspapers with circulation of more than 20,000 copies per week. The Court found that this selective tax "might result in destroying both advertising and circulation." *Grosjean v. American Press Co.*, 297 U.S. 233, 245 (1936). The Court held that the Louisiana law was "bad because … it is seen to be a deliberate and calculated device in the guise of a tax to limit the circulation of information to which the public is entitled in virtue of the constitutional guaranties." *Grosjean* at 250. The Louisiana tax penalized certain publishers from being able to fully exercise their constitutional rights.

More recently, in 1983, the Supreme Court dealt with a case where the state tax scheme of Minnesota "singled out the press for special treatment." *Minneapolis Star and Tribune Co. v. Minnesota Com'r of Revenue*, 460 U.S. 575, 582 (1983). The Court held that "differential treatment, unless justified by some special characteristic of the press, suggests that the goal of the regulation is not unrelated to suppression of expression, and such a goal is presumptively unconstitutional." *Minneapolis Star* at 585.

There is no "special characteristic" of the law abiding gun owner that would justify imposition of a special tax, therefore, as in *Minneapolis Star*, it is easily understood that the goal of the proposed ordinance is to suppress and discourage the exercise of the right to keep and bear arms and that goal is "presumptively unconstitutional." *See id*.

Simply put, a discriminatory tax that singles out citizens exercising their constitutional rights is unconstitutional.

Please be advised that should you pass the proposed ordinance and blatantly violate the constitutional rights of the residents of San Jose, my clients have authorized our firm to file a lawsuit against the City to protect the constitutional rights of their members. This lawsuit will be brought pursuant to 42 U.S.C. §1983 for the deprivation of constitutional rights. As such, once we prevail in protecting the residents of San Jose's constitutional rights, our firm will then seek our reasonable attorney fees under 42 U.S.C. §1988(b).

We thereby strongly encourage you to reconsider moving forward with the proposed ordinance.

July 14, 2021
Page 4 of 4

          Regards,

David A. Warrington      Harmeet K. Dhillon

*Counsel for the National Foundation for Gun Rights*

Cc: National Foundation for Gun Rights

**DHILLON LAW GROUP INC.**
A CALIFORNIA PROFESSIONAL CORPORATION
177 POST STREET, SUITE 700 | SAN FRANCISCO, CA 94108 | 415.433.1700 | 415.520.6593 (F)