| | |
|---|---|
| 1 | JOSEPH W. COTCHETT (SBN 36324) |
| 2 | jcotchett@cpmlegal.com<br>TAMARAH P. PREVOST (SBN 313422) |
| 3 | tprevost@cpmlegal.com<br>ANDREW F. KIRTLEY (SBN 328023) |
| 4 | akirtley@cpmlegal.com<br>**COTCHETT, PITRE & McCARTHY, LLP** |
| 5 | San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200 |
| 6 | Burlingame, CA  94010<br>Telephone: (650) 697-6000 |
| 7 | Fax: (650) 697-0577 |
| 8 | *Attorneys for Defendants the City of San Jose, et al.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.**, a nonprofit corporation, and **MARK SIKES**, an individual,<br><br>And<br><br>**HOWARD JARVIS TAXPAYERS ASSN.**, a nonprofit corporation, **SILICON VALLEY TAXPAYERS ASSN.**, a nonprofit corporation, **SILICON VALLEY PUBLIC ACCOUNTABILITY FOUNDATION**, a nonprofit corporation, **JIM BARRY**, an individual, and **GEORGE ARRINGTON**, an individual,<br><br>       Plaintiffs,<br><br>   v.<br><br>**CITY OF SAN JOSE**, a public entity, **JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, **CITY OF SAN JOSE CITY COUNCIL**, and **ALL PERSONS INTERESTED** in the matter of San Jose Ordinance No. 30716, establishing an Annual Gun Harm Reduction Fee,<br><br>       Defendants. | Case No. 5:22-cv-00501-BLF<br><br>**<u>CORRECTED</u> [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED SECOND AMENDED COMPLAINT UNDER FEDERAL RULES 12(b)(1) AND 12(b)(6)**<br><br>*[Correcting the [Proposed] Order at ECF No. 95-2]* |

[Proposed] Order Granting Defendants' Motion to Dismiss Plaintiffs' Consolidated SAC
Case No. 5:22-cv-00501-BLF

# [PROPOSED] ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Consolidated Second Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"), ECF No. 95. The Court having fully considered the papers and arguments presented by the parties and the filings in the case, and good cause having been shown, it is hereby:

**ORDERED**, that the Motion is **GRANTED**.

## The Insurance Requirement

The City of San Jose Gun Harm Reduction Ordinance, San Jose Muni. Code §§ 10.32.200-10.32.25 ("Ordinance"), provides that gun owners residing in San Jose who are subject to the Ordinance must obtain and maintain certain liability insurance under § 10.32.210 (the "Insurance Requirement"). Plaintiffs the National Association for Gun Rights, Inc., and Mark Sikes (collectively, the "NAGR Plaintiffs") bring claims in the Consolidated Second Amended Complaint ("SAC") facially challenging the Insurance Requirement as violative of their rights under the Second and Fourteenth Amendments to the U.S. Constitution (Claims 1 and 3). These claims are subject to dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6) because they fail to state claim upon which relief can be granted under the test for Second Amendment challenges articulated by the U.S. Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) ("*Bruen*"). The NAGR Plaintiffs' derivative declaratory relief claim, to the extent it is based on the same theory that the Insurance Requirement violates the Second and Fourteenth Amendments, is subject to dismissal for the same reason. As the NAGR Plaintiffs have already had the opportunity to amend these claims, the Court concludes that granting leave to amend would be futile and unwarranted. Accordingly, it is hereby:

**FURTHER ORDERED**, that the First and Third Claims for Relief in the SAC, to the extent they rest on a claim that the Insurance Requirement violates the Second and Fourteenth Amendments to the U.S. Constitution, are **DISMISSED WITH PREJUDICE** under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## The Fee Requirement

The Ordinance also provides that gun owners residing in San Jose who are subject to the Ordinance must pay an annual Gun Harm Reduction Fee ("Fee") to a City-designated nonprofit organization ("Nonprofit") under San Jose Muni. Code § 10.32.215 (the "Fee Requirement"). The NAGR Plaintiffs and the Plaintiffs Howard Jarvis Tax Association, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, Jim Barry, and George Arrington (collectively, the "HJTA Plaintiffs") bring federal-law claims in the SAC facially challenging the Fee Requirement as violative of their rights under the First, Second, and Fourteenth Amendments to the U.S. Constitution (Claims 1-3), and the HJTA Plaintiffs bring state-law claims facially challenging the Fee Requirement as violative of their speech and association rights under Article I of the California Constitution (Claim 4), as an unconstitutional condition on their rights to keep and bear arms under the Second Amendment to the U.S. Constitution and under the California Constitution (Claim 5), and as violating taxation-related provisions under Article XIII C, and Articles XI and XIII, of the California Constitution (Claims 6-7).

**Claims 1 and 3:** Plaintiffs' claims challenging the Fee Requirement under the Second and Fourteenth Amendments to the U.S. Constitution must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because they fail under the test for Second Amendment challenges articulated *Bruen*, in part because Plaintiffs fail to plausibly allege that the annual $25 Fee is an impermissibly "exorbitant" fee within the meaning of *Bruen*. 142 S. Ct. at 2138 n.9. Plaintiffs' derivative declaratory relief claim, to the extent it is based on the same theory that the Fee Requirement violates the Second and Fourteenth Amendments, is subject to dismissal for the same reason. As Plaintiffs have already had the opportunity to amend these claims, the Court concludes that granting leave to amend would be futile and unwarranted.

**Claims 2, 3, and 4:** Plaintiffs' claims challenging the Fee Requirement under the First and Fourteenth Amendments to the U.S. Constitution, and under analogous provisions of Article I of the California Constitution, remain unripe for review for the same reasons previously articulated by this Court in its August 2022 Order denying the NAGR Plaintiffs' motion for preliminary injunction, and in its September 2022 Order granting in part and denying in part Defendants' pre-consolidation motions to

dismiss the NAGR Plaintiffs' and HJTA Plaintiffs' then-operative complaints. *See* ECF Nos. 72, 81. Plaintiffs' claims are based on theories of compelled speech and association that depend on the activities of the City-designated Nonprofit and how the Nonprofit spends Fee revenue, but the Nonprofit has not yet been designated and, thus, has not yet engaged in any activities or expenditures. Accordingly, these claims are premature and subject to dismissal for lack of ripeness. The Court dismisses these claims with leave to amend.

**Claim 5:** The HJTA Plaintiffs' claims that the Fee Requirement is an unconstitutional condition on their rights to keep and bear arms under the Second Amendment to the U.S. Constitution and under the California Constitution must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has already dismissed with prejudice the aspect of this claim based on the California Constitution. ECF No. 81. As for the aspect of the claim based on the Second Amendment, the fact that the HJTA Plaintiffs have provided no authority that the unconstitutional conditions doctrine applies in the Second Amendment context where possession of arms is not at risk leads the Court to conclude that the doctrine does not apply here. As Plaintiffs have already had the opportunity to amend these claims, the Court concludes that granting further leave to amend would be futile and unwarranted.

**Claims 6 and 7:** The HJTA Plaintiffs' claims that the Fee Requirement violates taxation-related provisions under Article XIII C, and Articles XI and XIII, of the California Constitution must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because the Fee is not "payable to, or for the benefit of, a local government," and therefore is not a "tax" within the meaning of Article XIII C. *Schmeer v. Cnty. of Los Angeles*, 213 Cal. App. 4th 1310, 1329 (2013), as modified (Mar. 11, 2013). This is fatal to these claims. As Plaintiffs have already had the opportunity to amend these claims, the Court concludes that granting further leave to amend would be futile and unwarranted.

Accordingly, it is hereby:

**FURTHER ORDERED**, that the First and Third Claims for Relief in SAC, to the extent they rest on a claim that the Fee Requirement violates the Second and Fourteenth Amendments to the U.S.

Constitution, as well as the Fifth, Sixth, and Seventh Claims for Relief, are **DISMISSED WITH PREJUDICE** under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**FURTHER ORDERED**, that the Second and Fourth Claims for Relief in the SAC, as well as the Third Claim for Relief to the extent it rests on a claim that the Fee Requirement violates the First and Fourteenth Amendments to the U.S. Constitution, are **DISMISSED WITHOUT PREJUDICE** for lack of ripeness. The Court will enter a separate order regarding the date by which Plaintiffs must file a further amended complaint if they wish to continue pursuing these claims.

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
HON. BETH LABSON FREEMAN
U.S. DISTRICT COURT JUDGE